UNITED STATES of America,
Plaintiff-Appellee,

v.

Basil MILLER, Defendant-Appellant.

No. 74–4047

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 2, 1975.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Melvyn Kessler, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Samuel A. Alter, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Basil Miller, defendant-appellant, was charged with conspiracy to import cocaine and with importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 963. He raises three issues on appeal.

First, he contends that the district court erred in denying his motion for judgment of acquittal based on the alleged insufficiency of the evidence against him. The evidence, of course, must be viewed in the light most favorable to the government. United States v. Kohlmann, 5 Cir. 1974, 491 F.2d 1250.

Jerry Foley and four others met in Greensboro, North Carolina, in October 1973, and organized a conspiracy to import cocaine into the United States from Jamaica. Foley proceeded to Miami, enlisted the assistance of a young female acquaintance, Miss Wanda Delgado, and travelled to Kingston, Jamaica. He testified that he met Miller in Kingston and gave him $34,000 in exchange for five pounds of cocaine. Foley and Delgado returned to Miami with this purchase strapped to Miss Delgado's body. They successfully evaded the customs officials, and later they and the other members of the conspiracy decided to finance another purchase from Miller. To this end, Foley and Delgado again journeyed to Jamaica and met Miller at the same place. They purchased another five pounds of cocaine from him and gave him $13,000 on account, owing him a balance of $38,000. This time, however, the couple failed to elude the customs officials and were arrested. They decided to cooperate. The government soon arrested the other co-conspirators who had met in Greensboro, and a government agent assumed the identity of one of these co-conspirators. Soon thereafter, Miller placed a number of telephone calls to Foley in the attempt to collect the $38,000 balance of the purchase price for the second shipment of cocaine. He was informed that he would have to come in person to Miami to collect the balance. A compromise was struck; the government agent who had assumed the identity of one of the co-conspirators would meet with Miller in San Juan, Puerto Rico, to make the payment. This agent, in the course of his conversation arranging the meeting with Miller, indicated his interest in continuing the business relationship. Miller told him that supplying five kilos of cocaine twice a month could easily be arranged. This conversation was tape recorded, and the jury had the benefit of listening to the entire conversation at trial.

Foley and the government agent proceeded to San Juan and Foley identified Miller as the man with whom he had dealt. A search warrant was obtained and a search of the appellant's hotel room revealed $23,000 in cash and a paper bearing Foley's telephone number in Virginia, among other things.

 There was ample evidence to connect the defendant with the conspiracy. With respect to the importation counts, Miller argues that he had no knowledge of the importation into the United States. His telephone conversations and direct dealings with Foley, however, and his contacts with the government agent leading to his entry into the territorial United States to collect the balance of the purchase price constitute a sufficient basis for a jury to conclude that he knew of and was involved in the importation.

Second, on appeal, Miller contends that the district court erred in not granting his motion for severance from the co-defendant Foley. The severance is within the discretion of the district court and its denial is not subject to reversal unless clear prejudice is shown. United States v. Schroeder, 8 Cir. 1970, 433 F.2d 846; Byrd v. Wainwright, 5 Cir. 1970, 423 F.2d 1017. There is no showing of prejudice to the defendant on account of the joint trial. Foley's self-interest in testifying for the government, as well as his prior convictions, were amply demonstrated to the jury. The trial court did not abuse its discretion in denying the severance.

Third, Miller asserts that the district court erred in denying his motion for a continuance so that his counsel could locate an alibi witness. Such continuances are not a matter of right, but rather are in the discretion of the trial court. Local Court Rule 11 of the Southern District of Florida provides that the trial court may grant a continuance to obtain a witness only under "exceptional circumstances". A movant must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant. See, e. g., United States v. Harris, 9 Cir. 1970, 436 F.2d 775; United States v. Cawley, 5 Cir. 1973, 481 F.2d 702. The defendant's counsel filed his notice of appearance three months prior to the date of trial, yet made only one attempt to secure the presence of the alibi witness. Apart from the lack of diligence in attempting to secure the presence of this witness, the profered testimony he would give would at best go only to the credibility of Foley's testimony. Moreover, the appellant failed to show that the witness was available and willing to testify. This was an important factor in the trial court's determination, because the witness, a Jamaican residing in Jamaica, was outside the subpoena power of the court. The trial court did not abuse its discretion in denying the continuance.

The judgment of conviction is therefore

Affirmed.