UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Edward FLOOD,
Defendant-Appellant.

No. 78–5245
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1978.

Rehearing and Rehearing En Banc
Denied Feb. 12, 1979.

Mario J. Martinez, Court-appointed, El Paso, Tex., for defendant-appellant.

Thomas E. Flood, pro se.

Jamie C. Boyd, U.S. Atty., Le Roy Morgan Jahn, Richard P. Mesa, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Thomas Edward Flood appeals his conviction for forcibly assaulting a federal correctional officer while that officer was engaged in performance of his official duties, in violation of 18 U.S.C. § 111. Flood contends that the trial court erred in denying his motion for a continuance and in refusing to dismiss the indictment, which did not explicitly allege that Flood had committed the assault intentionally. Both assertions are meritless and we therefore affirm the conviction.

When the assault occurred, Flood was imprisoned at the Federal Correctional Institution in La Tuna, Texas. On November 15, 1977, Frank C. Malone, a La Tuna correctional counselor, and another prison employee took Flood from his cell to an office to make an authorized local telephone call. Upon completing that call, Flood sought to telephone, at Government expense, a person in San Francisco. When Malone explained that the Government would not pay for such a call, Flood attacked the officer, beating him about the head, breaking his glasses, bloodying his face, tearing his clothing and kicking him in the chest. With the help of other staff members who had an-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

swered his call for aid, Malone finally subdued Flood and returned him to his cell.

On the trial date of March 7, 1978,[1] the district court granted from the bench a motion filed jointly by Flood and his counsel to inspect jury selection records in possession of the clerk of the court.[2] At that time, Flood requested a continuance of the trial to enable him personally to inspect those records and formulate any objections to the selection process. The trial judge denied that request, but informed Flood that he could file any objections related to jury selection in the time remaining before trial and explained that a mistrial would be granted if any objections were sufficient. Selection of the jury was completed on that date and the court set the trial for taking of evidence for March 27. When the case reconvened on March 27, Flood's counsel filed a second motion for a continuance.[3] The judge denied that motion as well and the trial commenced on that date.

■ Flood now asserts that the judge's denials of his motions for a continuance left him insufficient time to inspect the jury records. "Continuances are not a matter of right, but rather are in the discretion of the trial court." *United States v. Miller*, 5 Cir., 1975, 513 F.2d 791, 793. To show that the district court abused its discretion in this case, Flood must demonstrate that denial of the continuance "materially prejudice[d]" his case. *Id.* However, he has failed to demonstrate any prejudice whatever flowing from the trial judge's ruling.

■ In his second assertion of error, Flood claims that the lower court should have dismissed the indictment because it did not explicitly charge him with *intentionally* assaulting Malone. The inclusion of "technical 'intent' terms" in an indictment is "unnecessary where the statute itself contains no such terms and the indictment clearly sets forth a charge of specific intent in the factual averment." *United States v. Purvis*, 5 Cir., 1978, 580 F.2d 853, 859. The count of the indictment on which Flood was convicted[4] charged that he had "forcibly assaulted, resisted, opposed, impeded and interfered with Frank C. Malone, an officer of the Federal Correctional Institution, La Tuna, Texas, while the said officer was engaged in and on account of the performance of his official duties." The indictment thus followed almost verbatim the language of 18 U.S.C. § 111,[5] which makes no reference to willfulness or intent. Moreover, a charge of "intentional assault" would obviously be redundant, since by definition intent is an essential element of assault. Because the indictment in this case "adequately contains the elements of the offense charged and fairly informs defendant of this charge" and because the trial judge gave "an adequate jury instruction regarding the intent necessary for conviction," *United States v. Purvis, supra*, 580

1. The trial had originally been scheduled for February 13, 1978. However, after examining Flood and his court-appointed counsel on February 7, the district judge concluded that they had not had sufficient time to confer regarding the preparation of Flood's defense. Therefore, the lower court decided that a continuance was necessary to enable Flood to prepare adequately for trial and on February 8 the court entered an order continuing the cause until March 7.

2. The court issued a formal order permitting Flood to inspect these records on March 13.

3. On March 22, following a telephonic motion from the defendant, the court had entered an order replacing Flood's previous attorney with new counsel. This lawyer filed the second motion for a continuance and represented Flood throughout the trial and this appeal.

4. The jury acquitted Flood on the other two counts of the indictment, which charged him with two separate violations of 18 U.S.C. § 111 involving alleged assaults on two other correctional officers.

5. 18 U.S.C. § 111 provides that "[w]hoever forcibly assaults, resists, opposes, impedes, *intimidates* or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties shall be fined not more than $5,000 or imprisoned not more than three years, or both." (emphasis added) Among those persons designated by 18 U.S.C. § 1114 are "officer[s] or employee[s] of any United States penal or correctional institution." Flood received the maximum three-year sentence.

F.2d at 859, we reject Flood's second argument and affirm his conviction.

AFFIRMED.