**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Maria Remedios ALVAREZ,
Defendant-Appellant.**

**No. 78–5458
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 12, 1979.

Lucien B. Campbell, Federal Public Defender, Robert Ramos, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Richard P. Mesa, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Maria Remedios Alvarez appeals her conviction on six counts of transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(2). She argues that the trial court's denial of her request for a continuance denied her the rights to due process and compulsory service of process. We affirm.

On February 6, 1978, a six count indictment for violation of Section 1324(a)(2) was returned against appellant Alvarez. She was arrested in Florida on April 19, 1978 and returned to Texas, where she allegedly committed the offense. She was arraigned on May 19, 1978, and a public defender was appointed to represent her. On June 2, 1978, appellant's case was set for trial on June 15, 1978. On June 9, 1978, she applied

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

for and was granted a motion to subpoena two alibi witnesses at government expense. Both witnesses were then business partners with appellant. They resided in Florida. Due to an error by the United States Marshal's office in Miami, the witnesses were not served. However, on June 15, 1978, the first day of trial, appellant's attorney talked by telephone with the witnesses' attorney who stated that the United States Marshal had contacted the witnesses by phone and told them of the subpoenas for trial in El Paso, Texas. The trial was continued until the next day in order to allow time for the witnesses to appear.

On the following day, June 16, 1978, the witnesses had not appeared, and the United States Marshals in Florida were unable to contact them. The court refused to grant another continuance, but it permitted defense and government counsel to stipulate to the testimony which would have been offered by the absent witnesses.[1] The following statement was read to the jury as the substance of what the witnesses would have said:

> If the witnesses, Napoleon Smith and Margie Smith, had appeared before you to testify as they were subpoenaed to do, their testimony would be as follows: That Mr. Smith is a fifty per cent owner of a restaurant in Fort Pierce, Florida with the defendant, and that because of the operation of that business, he and his wife have almost daily contact with the defendant; and that during the month of January, 1978, Ms. Alvarez was at Fort Pierce, Florida for the entire month, and that during that month her husband was absent from Fort Pierce for several days in the possession of the red and white pickup truck that Ms. Alvarez owns.

In order to support the contention that the proposed witnesses' testimony would have been materially favorable to appellant's case, she has submitted to this Court an affidavit by one of them. It states in pertinent part:

> During the month of January of 1978 Maria Alvarez was in daily direct contact with us. During the first week in January of 1978 a man of Mexican extraction flew from Texas stayed in Fort Pierce for about eight days and returned to Texas with Maria Alvarez pick up truck. For the last two or three weeks of January of 1978 Maria Alvarez did not have transportation and between us taxing (sic) her where she wanted to go and Mr. Robert Hendley lending her his car she made out.

The granting of a continuance is within the sound discretion of the trial judge. *United States v. Flood*, 586 F.2d 391 (5th Cir. 1978); *United States v. Uptain*, 531 F.2d 1281 (5th Cir. 1976). "A movant must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant." *United States v. Miller*, 513 F.2d 791, 793 (5th Cir. 1975).

The trial court did not abuse its discretion in refusing the continuance in this case since appellant has failed to meet the criteria prescribed in *Miller*. First, appellant has adduced no valid reason for failing to apply earlier for the subpoena.[2] Second, both witnesses exhibited a desire to avoid testifying in Texas. Perhaps most telling, however, is that the stipulation read to the jury was more favorable to appellant than what she now contends the witness would have said. While the affidavit merely stated that the affiant was in "direct contact" with appellant at the time she allegedly was in Texas, the jury was told

---

1. It was also agreed that the stipulation would not act as a waiver of appellant's right to raise the denial of the continuance as error on appeal.

2. That the trial judge was holding court in another town within the district is no justification for failing to file a timely motion to sub-poena a witness. Surely the defendant knew upon arraignment, if not before, that a critical question at trial would be her whereabouts in January of 1978. A defendant cannot create a situation through a lack of diligence and then claim denial of due process.

that the witnesses would have testified that they were in "almost daily contact" with appellant Alvarez *and* that "during the month of January, 1978 Ms. Alvarez was at Fort Pierce, Florida for the entire month. . . ." Thus, it does not appear that appellant was materially prejudiced by the denial of the continuance and the absence of these witnesses. Accordingly, the judgment of the trial court is AFFIRMED.