**UNITED STATES ex rel. Leroy SMITH, Jr., Petitioner,**

v.

**Michael P. LANE, Respondent.**

**No. 83 C 5826.**

United States District Court, N.D. Illinois, E.D.

May 6, 1985.

Louis B. Garippo, Susan G. Feibus, Louis B. Garippo, Chicago, Ill., for petitioner.

Sally L. Dilgart, Asst. Atty. Gen., State of Illinois, Chicago, Ill., for respondent.

BUA, District Judge.

### ORDER

Before the Court are petitioner's and respondent's objections to the Magistrate's Report and Recommendation. For the reasons stated herein, the Court agrees with their objections and disagrees with the Magistrate's finding that an evidentiary hearing is necessary in this habeas corpus action. However, the Court adopts the thorough factual and legal analysis contained in the Magistrate's Report and Recommendation, which is attached hereto. Finally, the Court denies the petition for a writ of habeas corpus.

## I.  FACTS

This habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, is based on a theory of court-induced ineffective assistance of counsel in violation of petitioner's Sixth Amendment rights. The parties filed cross-motions for summary judgment. In her Report and Recommendation dated April 2, 1985, Magistrate Joan B. Gottschall denied the cross-motions for summary judgment and determined that a hearing on the petition should be held. Specifically, Magistrate Gottschall found factual issues regarding why petitioner's attorney Alan Blumenthal failed to interview and call certain witnesses, what if any working relationship existed between Blumenthal and attorneys Sam Adam and Laurence Levin and the likely effect on petitioner's trial had the witnesses testified.

## II.  DISCUSSION

### A.  *Need For An Evidentiary Hearing*

In their objections to the Magistrate's Report and Recommendation, both petitioner and respondent agree that no evidentiary hearing is necessary to resolve the cross-motions for summary judgment.

In determining whether an evidentiary hearing is necessary in this habeas corpus action, the Court finds *Dillon v. Duckworth*, 751 F.2d 895 (7th Cir.1984) to be dispositive. In *Dillon,* the petitioner asserted an ineffective assistance of counsel claim. While the Seventh Circuit Court of Appeals found a Sixth Amendment violation based on ineffective assistance of counsel, the court rejected petitioner's alternative argument that the district court erred in denying an evidentiary hearing. The petitioner alleged newly-discovered facts which supported his ineffective assistance of counsel claim.

In rejecting petitioner's argument that the newly-discovered facts mandated an evidentiary hearing, the Seventh Circuit noted that these facts related to the ineffective assistance of counsel claim which the petitioner had raised in the state court proceedings. In addition, the newly-discovered facts were known to the petitioner prior to his filing for post-conviction relief, and therefore "the evidence he cites is not of a

character which would justify an evidentiary hearing." *Id.* at 902. Finally, the Seventh Circuit rejected petitioner's argument that *Strickland v. Washington*, — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established new standards for evaluating Sixth Amendment ineffective assistance of counsel claims that would require a hearing. *Dillon v. Duckworth, supra,* 751 F.2d at 902.

■ In the present case, petitioner's newly-discovered evidence consists of affidavits from nine witnesses who were neither interviewed prior to nor called to testify at trial. While petitioner filed this habeas action in August of 1983 prior to filing his post-conviction petition for relief in December of 1983, the dismissal of the post-conviction petition for relief occurred on January 26, 1984. Therefore, since the petitioner's newly-discovered facts have been reviewed and considered by the state court, the Court believes that this case falls within the *Dillon* rule: a hearing is not mandated to consider newly-discovered facts already presented to and considered by the state court.

### B.  *Court-Induced Ineffective Assistance of Counsel*

The petitioner contends that, by denying Blumenthal a continuance when he was retained "only two working days" prior to trial, the trial court "caused" Blumenthal's representation of the petitioner to be ineffective because Blumenthal was not afforded sufficient time to investigate and prepare the case. He argues that, if Blumenthal had sufficient time to prepare and investigate as he would have with the requested continuance, he would have secured at trial the testimony of witnesses who would have helped petitioner's case.

Petitioner further asserts that, while there were many witnesses, including persons in the house and neighbors, his entire defense consisted only of his own and his mother's testimony. Petitioner contends that these other witnesses would have corroborated his contention that he did not

know the attackers were the police. He concludes that this "court induced" ineffective assistance prejudiced him in the outcome of the trial.

Respondent argues that the trial court did not abuse its discretion when it denied petitioner's request for a continuance, in light of the fact that it was the twenty-third continuance in a two-year-old case. In addition, respondent contends that the petitioner cannot show that Blumenthal's actions fell outside the range of reasonable competence for an attorney. To support this contention, respondent points to Blumenthal's association with Adam and Levin, who had handled the case for two years.

Respondent also notes that Blumenthal knew of the existence of the family witnesses and therefore chose not to call them at trial. In support of this contention, respondent points to Blumenthal's agreement to "second chair" the case one week before he filed his substitution notice as petitioner's attorney. Finally, respondent argues that any potential counsel error would not, with reasonable probability, have affected the outcome of the state criminal trial.

■ Due to the broad discretion that a trial court must exercise in scheduling trials, the grant or denial of a continuance is subject to appellate review only for an abuse of discretion. *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *United States v. Davis,* 604 F.2d 474, 480 (7th Cir.1979). Moreover, in order to establish this abuse of discretion, a party normally must make some showing of actual prejudice resulting from the trial court's ruling. *See United States v. Aviles,* 623 F.2d 1192, 1196 (7th Cir.1980); *United States v. Miller,* 573 F.2d 388, 395 (7th Cir.1978).

■ A defendant appealing from the denial of a continuance in a criminal case typically will claim prejudice in the form of ineffective assistance of counsel. *See, e.g. United States v. Cronic,* — U.S. —, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Morris v. Slappy,* 103 S.Ct. at 1610; *United States v. Phillips,* 640 F.2d 87 (7th Cir.), *cert. de-*

*nied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981). In evaluating such a claim, an appellate court generally must inquire into counsel's actual performance at trial. *United States v. Cronic,* 104 S.Ct. at 2047–48; *Strickland v. Washington,* 104 S.Ct. 2052, 2064–65 (1984). In rare cases, the refusal to allow counsel additional time to prepare might occur in circumstances so egregious that "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *See Cronic,* 104 S.Ct. at 2047. In essence, the denial of a continuance can sometimes be tantamount to the denial of counsel.

A recent decision from the Seventh Circuit Court of Appeals addressed the question of whether a denial of continuance constituted court-induced ineffective assistance of counsel without a determination of actual prejudice. *United States v. Rodgers,* 755 F.2d 533 (7th Cir.1985). In *Rodgers,* the defense attorney had "preparation time of only two days for jury selection and two more days for the beginning of the trial." *Id.* at 540. The Seventh Circuit concluded that this preparation time was not so restrictive to warrant an assumption of unfairness without considering whether there was actual prejudice. In support of its conclusion, the *Rodgers* court noted that the defense attorney had been prepared by previous counsel, had only to read and familiarize himself with the case file, and had to prepare notes for trial. In addition, the court noted that the case was not so complicated that counsel required a great amount of time or expert assistance to understand the pertinent issues.

Since the facts in *Rodgers* are factually inapposite, the result in *Rodgers* controls here. In this case, Blumenthal met with petitioner on February 23, 1977, and on February 24, petitioner agreed to have Blumenthal represent him. On February 25, Blumenthal filed his motion to substitute, but stated that while he was representing petitioner, he was "not prepared to go to trial" because he had not been "involved in

this case in any way prior to one week ago." He stated that Levin had prepared the case and "presumably was prepared to go to trial last week." Blumenthal stated that he had reviewed the case file during the previous week because he planned to "second chair" the trial with Levin. Blumenthal moved for a continuance, arguing that his trial strategy would differ from Levin's and that he disagreed with the petitioner's jury waiver. He also wished to obtain unspecified physical evidence and witnesses.

Judge Wexler denied Blumenthal's motion for a continuance, stating:

> Let the record show that this case has dragged on in this court almost two years. There were approximately thirty [sic] continuances. That the last six or seven continuances were with subpoenas for trial. There has been an appearance in the file in the name of Levin who denies that is his signature. When Mr. Levin ... appeared in this court, he indicated to the Court he is not the attorney, that he would have cleared it with Mr. Adam [ ] who is the attorney of record. That the court inquired of the defendant as to whom he retained and he indicated Mr. Adam [ ], and the Court endeavored to get Mr. Adam [ ] to begin since the 15th of February when the case was set here with subpoenaes, and Mr. Adam [ ] chose not to come in.

> That Mr. Blumenthal indicated he was willing to file an appearance in the case and the Court suggested that the only way he would accept the appearance would be with a substitution of attorneys, and that substitution of attorneys was presented to this Court this morning, and that the Court granted defendant leave to withdraw his waiver of trial by jury and agreed to give the defendant a trial by jury.

> Because of numerous delays in this case, the Court refuses to grant any further continuances and the Court is holding this case for trial now. There is a jury out there. Let the record show Mr. Blumenthal is out of the same offices with Mr. Adam [ ] and Mr. Levin.

Blumenthal renewed his motion for a continuance of 21 days, which Judge Wexler denied but agreed to a continuance until Monday, February 28, 1977. Blumenthal agreed that starting on Monday would be "more advantageous," as he "believe[d] [he] would be much more prepared given two days on the weekend than [he] [would] be [that] [ ] day."

On Tuesday, March 1, Blumenthal filed motions to suppress physical evidence and statements made after petitioner's arrest, but Judge Wexler denied them as untimely. During the trial, from Monday, February 28 through Tuesday, March 8, by petitioner's own concession, Blumenthal was an able and zealous advocate.

■ In light of the above facts, the Court, as the Seventh Circuit did in *Rodgers*, does not find the circumstances surrounding Judge Wexler's denial of the continuance on the eve of trial to be so horrendous as to raise a presumption of prejudice to the petitioner. In addition, the Court finds that the trial court did not abuse its discretion when it denied the continuance and that the denial did not prejudice the petitioner in any way.

In making its determination of no actual prejudice to the petitioner from the denial of Blumenthal's motion for a continuance, the Court follows the analysis of actual prejudice set forth in *Rodgers*. The Seventh Circuit in *Rodgers* first held that "the denial of the continuance had no significant adverse impact on counsel's performance at trial." 755 F.2d at 540. In support of this first holding, the Seventh Circuit cited the defense attorney's motion to suppress at the beginning of trial, incisive cross-examination of government witnesses, and timely objections to the government's direct examination as evidence of his professional and zealous representation during the trial.

In the present case, Blumenthal made a motion to suppress physical evidence as well as the petitioner's statement taken after his arrest. In addition, Blumenthal's attempts to impeach Officers Bokowski and Patterson through the use of prior police

reports and the complaint sworn by Patterson in the case against Edwin Anderson illustrate Blumenthal's familiarity with the details of defense counsel's theory and investigation, as well as with the facts of the case. Therefore, the Court finds that Judge Wexler's denial of the continuance had no significant adverse impact on counsel's performance at trial.

Finally, the Seventh Circuit in *Rodgers* addressed the petitioner's contention that denial of the continuance prejudiced him by denying him the opportunity to subpoena and interview potential witnesses. The Seventh Circuit adopted the general test set forth by the Fifth Circuit Court of Appeals:

> A movant [for a continuance] must show that due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of a continuance would materially prejudice the defendant. *United States v. Miller*, 513 F.2d 791, 793 (5th Cir.1975).

*Id.* at 541. The Seventh Circuit noted that the strict requirements of this test reflect the policy against the petitioner delaying trial indefinitely on the speculation that some distant witness might provide favorable evidence. *Id.*

The Court holds that the petitioner has failed to meet his burden under the *Rodgers* test for two reasons. First, while the petitioner submits affidavits of witnesses who would offer favorable testimony and who would be willing and available to testify, he fails to show that due diligence was exercised to obtain the attendance of these witnesses, even though six of the nine witnesses were relatives living in his house at the time of the incident and therefore were known to the petitioner. In support of its finding, the Court notes that this case was pending from May 8, 1975 to February 28, 1977, during which time either the petitioner did not notify his defense attorneys of the existence of these family witnesses or the attorneys knew of the witnesses and decided not to call them at trial. In either event, the petitioner has failed to show due diligence was exercised to obtain the attendance of these witnesses.

Second, the Court finds that the petitioner has failed to show that the failure to call the witnesses prejudiced him. In support of its finding, the Court notes that the witnesses' testimony is cumulative, that his mother testified to the same facts and theory of defense as the family witnesses now presented, and that Blumenthal, and his predecessors, probably knew of the witnesses' existence from the petitioner after a year and one half of trial investigation and preparation. If Blumenthal knew about these witnesses and did not call them, he could have done so to avoid cumulative, identical testimony and to focus instead on thorough cross-examination of the government's witnesses, which he did do. In light of the fact that Blumenthal had the benefit of prior investigation and preparation by Levin and Adam, his decision not to call these witnesses was sound trial strategy, as opposed to a failure to investigate.

Since petitioner has failed to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *United States v. Curtis*, 742 F.2d 1070, 1074 (7th Cir.1984) (quoting *Strickland v. Washington, supra,* 104 S.Ct. at 2066), he has failed to prove that he was prejudiced by Blumenthal's failure to call these witnesses at trial. While this analysis overlaps the *Rodgers* and *Strickland* tests, the Court believes that a determination of Blumenthal's sound trial strategy under the *Strickland* test is relevant to and weakens petitioner's claim of prejudice based on denial of a continuance under the *Rodgers* test. Therefore, petitioner has failed to show court-induced ineffective assistance of counsel under the *Rodgers* test.

## III. CONCLUSION

Since the petitioner has failed to show ineffective assistance of counsel under the

*Rodgers* and *Strickland* tests, his petition for a writ of habeas corpus must be denied.

IT IS SO ORDERED.