UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony Neil JIM, Defendant–Appellant.

No. 87–1359.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 1988.*

Decided Jan. 10, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Patrick Gilbert, Reno, Nev., for defendant-appellant.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before WRIGHT and POOLE, Circuit Judges, and WILLIAMS,** District Judge.

EUGENE A. WRIGHT, Circuit Judge:

On this appeal, we address the question whether under 18 U.S.C. § 111 assault on a federal officer is a general or specific intent crime. The district court held that § 111 was a general intent crime and refused to instruct the jury on the defense of voluntary intoxication. We affirm.

FACTS

After consuming an undetermined amount of alcohol on Christmas Eve 1986, Anthony Jim went on a shooting spree on the Duck Valley Indian Reservation in Nevada. Responding to a call from Jim's brother, police officers from the Department of Interior pursued Jim in an extended car chase. When one officer intercepted him, Jim fired two shots at the officer and fled. Jim encountered two more officers, fired one shot at each of them, and fled

again. The police later arrested him at a nearby hospital.

A jury convicted Jim of three counts of assault on a federal officer with a deadly weapon under 18 U.S.C. §§ 111 and 1114, and three counts of use of a firearm during a crime of violence under 18 U.S.C. § 924(c)(1).[1] He was sentenced to six consecutive five-year prison terms.

Jim filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

DISCUSSION

Jim makes two related claims of error. First, he contends the trial court held incorrectly that 18 U.S.C. § 111 was a general intent crime.[2] Second, he says that the trial court erred by refusing to instruct the jury on the defense of voluntary intoxication.

Voluntary intoxication is not a defense to a general intent crime. *United States v. Meeker*, 527 F.2d 12, 14 (9th Cir. 1975). In a prosecution for a specific intent crime, the defendant may present evidence of voluntary intoxication to show that he lacked specific intent. *United States v. Echeverry*, 759 F.2d 1451, 1454 (9th Cir.1985). The merit of this appeal turns on whether 18 U.S.C. § 111 is a general or specific intent crime. We review *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Because the terms "general intent" and "specific intent" are misunderstood frequently, we begin with a definition. The Seventh Circuit defined these terms in the context of § 111:

> If section 111 of the Criminal Code is a "general intent" crime, the Government would not need to prove anything about

** Honorable David W. Williams, Senior United States District Judge, Central District of California.

1. We requested supplemental briefs discussing the applicability of *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), to Jim's convictions under §§ 111 and 924(c)(1). Both parties agree that *Busic* does not apply and we do not address this issue.

2. 18 U.S.C. § 111 provides in relevant part:
   Whoever forcibly assaults, resists, opposes, impedes, intimidates; or interferes with [a federal officer] while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

the defendant's state of mind at the time he acted. The only issue would be whether a reasonable man would find that the defendant's actions should have put a federal officer in apprehension of bodily harm ...

On the other hand, if section 111 is a "specific intent" crime, the Government would have to prove that the defendant subjectively intended to put [the] federal officer in apprehension of bodily harm.

*United States v. Staggs,* 553 F.2d 1073, 1076 (7th Cir.1977).

The Supreme Court, in *United States v. Feola,* held that conviction under § 111 did not require that the assailant know his victim was a federal officer. 420 U.S. 671, 684, 95 S.Ct. 1255, 1264, 43 L.Ed.2d 541 (1975). It stated that "[a]ll the statute requires is an intent to assault, not an intent to assault a federal officer." *Id.* It further held that "... in order to incur liability under § 111 an actor must entertain merely the criminal intent to do the acts therein specified." *Id.* at 686, 95 S.Ct. at 1264–65.

Circuits that have considered the issue whether § 111 is a specific or general intent offense differ in their interpretation of the Court's "intent to assault" and "criminal intent" language.[3] The Seventh and Eighth Circuits, without analysis, interpreted *Feola* to require specific intent. *See Staggs,* 553 F.2d at 1076; *United States v. Manelli,* 667 F.2d 695, 696 (8th Cir.1981). The Tenth Circuit held that § 111 was a general intent crime. *See United States v. Hill,* 526 F.2d 1019, 1027 (10th Cir.1975), *cert. denied,* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976).

We have not developed a uniform approach to determine whether an offense is a general or specific intent crime. In some cases, we looked only to the elements of the offense. *See United States v. Twine,* 853 F.2d 676 (9th Cir.1988); *United States v. Kurka,* 818 F.2d 1427 (9th Cir.1987). In others, we considered the words and the purpose of the statute and whether general or specific intent best served that purpose. *See Meeker,* 527 F.2d at 14; *Roy v. United States,* 416 F.2d 874 (9th Cir.1969). We use here both approaches to determine whether § 111 is a general or specific intent offense.

Section 111 prohibits forcible assaults on federal officers. In *United States v. Dupree,* we defined assault under 18 U.S.C. § 113 by the common law definition[4]:

... an assault is committed by either a *willful* attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

544 F.2d 1050, 1051 (9th Cir.1976) (emphasis added). *See also United States v. Skeet,* 665 F.2d 983, 986 (9th Cir.1982). We defined willfulness as a "specific intent to do an act forbidden by law," *United States v. Drew,* 722 F.2d 551, 553 (9th Cir.1983), *cert. denied,* 467 U.S. 1216, 104 S.Ct. 2661, 81 L.Ed.2d 367 (1984), and held that the element of willfulness renders an offense a specific intent crime. *Kurka,* 818 F.2d at 1432 ("[s]ince we hold that willfulness is an element required to be proved under 18 U.S.C. § 33, this makes 18 U.S.C. § 33 a specific intent crime."). Without a congressional purpose analysis, § 111 appears to be a specific intent crime.

Our analysis does not end here. We must construe § 111 in light of its overall purpose. *Roy,* 416 F.2d at 876–878; *Meeker,* 527 F.2d at 14. *Roy* and *Meeker* are instructive.

The defendant in *Roy* was convicted of "knowingly and willfully" threatening the

**3.** Some courts assume without holding that 18 U.S.C. § 111 is a specific intent offense. *See, e.g., United States v. Alvarez,* 755 F.2d 830, 845 (11th Cir.1985), *cert. denied,* 474 U.S. 905, 106 S.Ct. 274, 88 L.Ed.2d 235 (1985), *cert. denied,* —— U.S. ——, 107 S.Ct. 2489, 96 L.Ed.2d 380 (1987); *United States v. Taylor,* 680 F.2d 378, 381 (5th Cir.1982); *United States v. Caruana,* 652 F.2d 220, 223 (1st Cir.1981); *United States v. Flood,* 586 F.2d 391, 392 (5th Cir.1979).

**4.** 18 U.S.C. § 113 provides, in part:
Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows ...

President of the United States in violation of 18 U.S.C. § 871. On appeal, he claimed that the prosecutor failed to prove that he had acted willfully. To determine the meaning of "willfulness", we looked to the statute's legislative purpose:

> ... [T]he statute was designed in part to prevent an evil other than assaults upon the President or incitement to assault the President. It is our view that the other evil is the detrimental effect upon Presidential activity and movement that may result simply from a threat upon the President's life.

*Roy*, 416 F.2d at 877.

Prevention of assaults upon the President was not the sole purpose of § 871. It was directed also at the effects such threats might have on presidential functions. *Id.* In light of this broader legislative purpose, we construed willfulness to mean general intent and affirmed the conviction. *See also Twine*, 853 F.2d at 680.

In *Meeker*, we considered 49 U.S.C.App. § 1472(j), a statute analogous to § 111. Meeker argued that the court should have given the jury a voluntary intoxication instruction. 527 F.2d at 12. Section 1472(j) provided, in part:

> Whoever, while aboard an aircraft, ... assaults, intimidates, or threatens any flight crew member ... so as to interfere with the performance by such member or attendant of his duties ...

49 U.S.C.App. § 1472(j).

Meeker argued that this section required a showing of specific intent to interfere. Based on the statute's language and purpose we rejected the contention, finding that Section 1472(j) did not specify an intent requirement. We concluded that, if Congress wished to establish a specific intent crime, it would have written "with the intent to" interfere, rather than "so as to" interfere. *Meeker*, 527 F.2d at 14. This construction reflected the statutory purpose to safeguard "flight personnel from any statutorily described acts which would interfere with their efficient functioning." *Id.* This purpose, we concluded, would be best served by construing § 1472(j) to be a general intent crime.

Section 111 is similar in words and purpose to the statutes considered in *Roy* and *Meeker*. Section 111 prohibits in addition to assault, resisting, impeding, intimidating, and interfering with a federal officer. This language indicates that Congress intended to prevent interference with federal functions, not just assault on federal officers.

The Supreme Court recognized that Congress intended to do more than protect federal officers under § 111. In *Feola*, the Court emphasized that "... Congress intended to protect *both* federal officers and federal functions, and that, indeed, furtherance of the one policy advances the other." 420 U.S. at 679, 95 S.Ct. at 1261. To meet this purpose, the Court concluded that liability attached under § 111 regardless of the defendant's knowledge of the victim's identity. *Id.* at 686, 95 S.Ct. at 1264.

In *United States v. Sommerstedt*, 752 F.2d 1494 (9th Cir.) *cert. denied*, 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985), we elaborated on the broad aim of § 111. Sommerstedt bumped intentionally into an Assistant United States Attorney after she prosecuted a tax protester case in which Sommerstedt was interested. The court convicted him of violating 18 U.S.C. § 111. On appeal, he argued that his act was not forceful enough to constitute a "forcible" assault within § 111.

Quoting *Feola*, we noted that Congress intended to maximize protection for officers and ensure that those who kill or assault federal officers are prosecuted. *Sommerstedt*, 752 F.2d at 1497. Even though the prosecutor was uninjured by Sommerstedt's contact, the prosecutor could have been deterred in the performance of her responsibilities. *Id.* We recognized that an aim of § 111 was to prevent interference with federal functions. Given this purpose, we construed § 111 to reach acts involving any amount of force and affirmed the conviction.

We conclude that § 111 has a broader purpose than to deter assault and so warrants alternative treatment. Our holding is consistent with the purpose of § 111 as

explained by the Supreme Court in *Feola* and this court in *Sommerstedt.* Congress intended to protect federal officers in the exercise of their official duties. Applying a general intent test well serves that purpose.

Jim argues that our language in *United States v. Aceves–Rosales,* 832 F.2d 1155 (9th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1056, 98 L.Ed.2d 1018 (1988), requires a conclusion that § 111 is a specific intent crime. We disagree. In *Aceves–Rosales,* the defendant appealed a conviction for assault with a deadly weapon under § 111. He argued that the evidence was insufficient to establish the elements of the offense beyond a reasonable doubt. 832 F.2d at 1157. We rejected this argument:

> The record establishes that the Government presented abundant evidence from which the jury could find all the elements of assault with a deadly weapon beyond a reasonable doubt ... A reasonable jury could have found that Aceves possessed the requisite *specific intent to harm* [the federal officer].

*Id.* (emphasis added).

Jim contends that *Aceves–Rosales* stands for the proposition that a "specific intent" to injure the victim is an element of the offense under § 111. The issue whether § 111 was a specific or general intent offense was not presented to the court.[5] It held only that there was sufficient evidence to sustain the conviction. The evidence would have been sufficient to sustain the conviction under either level of intent. The gratuitous language in *Aceves–Rosales* does not preclude us from holding that 18 U.S.C. § 111 is a general intent offense.

■ We hold that § 111 is a general intent crime and the court did not err in refusing to instruct the jury on the defense of voluntary intoxication.

AFFIRMED.

5. *See also United States v. Bettencourt,* 614 F.2d 214, 217 (9th Cir.1980) (court, in deciding a Rule 404(b) issue, assumed but did not hold that § 111 was a specific intent offense).