**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John A. GRACE, Defendant— Appellant.**

No. 05–30411.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2006.

Filed Aug. 24, 2006.

█

Joseph H. Harrington, Esq., Earl Allan Hicks, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Beth M. Bollinger, Esq., Attorney at Law, Spokane, WA, for Defendant-Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Defendant John A. Grace was convicted by a jury for distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841, and assault on a federal officer, in violation of 18 U.S.C. § 111. The district court sentenced Grace to a 120-month term of imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm Grace's conviction and sentence.[1]

## I. The District Court Properly Denied Grace's Suppression Motion [2]

■ The district court did not err when it denied Grace's motion to suppress. Regarding Grace's first claim, his words would not have communicated to a reasonable police officer that Grace was requesting an attorney. *Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). Grace next asserts that the waiver of his rights was not voluntary or intelligent. We find no evidence in the record to suggest that Grace's waiver was involuntary. *See United States v. Martin,* 781 F.2d 671, 674 (9th Cir.1985). His waiver was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Bur-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The facts of this case are known to the parties. We do not recite them here.

2. We review the district court's denial of the motion to suppress *de novo. See United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004). We review the district court's factual findings for clear error. *See id.*

*bine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986).

Grace also claims that the district court erred when it failed to "re-evaluate . . . the facts after the officer testified at trial that he had no recollection of Mr. Grace initiating contact." We disagree that it was reversible error for the district court to "disregard" such a minor difference between the detective's and the lieutenant's recollections of the same events.

## II. The District Court Did Not Err When It Instructed That 18 U.S.C. § 111 Is a General Intent Crime

Grace contends that the district court should have instructed the jury that 18 U.S.C. § 111 is a specific intent crime.[3] In *United States v. Jim,* 865 F.2d 211 (9th Cir.1989), this court held that section 111 only required proof of general intent, not specific intent. *See id.* at 214–15. We concluded that section 111 was a general intent crime because that provision served two purposes: (1) to prevent "assault on federal officers," and (2) to "prevent interference with federal functions." *Id.* at 213–14. Grace cites no case that suggests that the 1994 amendment indicated a change in Congress's dual purposes for enacting the statute. We are bound by *Jim* and hold that section 111 is still a general intent crime.

## III. The Prosecutor Did Not Commit Reversible Error During Closing Argument

■ We agree with the district court that the prosecutor's error did not "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *United States v. Perez,* 116 F.3d 840, 846 (9th Cir.1997) (en banc). Here, the district court gave the proper instruction regarding the burden of proof. *See United*

States v. Segna, 555 F.2d 226 (9th Cir. 1977). Moreover, the evidence on the issue of self-defense was not close enough to warrant reversal. We decline to exercise our discretionary authority to reverse Grace's conviction for assaulting a federal officer. *See United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("Rule 52(b) is permissive, not mandatory.").

## IV. Grace's Sentencing Claims Are Foreclosed

Grace raises two issues related to sentencing purely to preserve the matters "in case the law changes" at either the Ninth Circuit or Supreme Court. His notice argument is foreclosed by *United States v. Severino,* 316 F.3d 939 (9th Cir.2003) (en banc). His statutory mandatory minimum argument is foreclosed by *United States v. Cardenas,* 405 F.3d 1046 (9th Cir.2005), and *United States v. Dare,* 425 F.3d 634 (9th Cir.2005).

AFFIRMED.

---

**3.** Whether a particular crime is a specific or general intent crime is a question of law we review *de novo. See United States v. Jim,* 865 F.2d 211, 212 (9th Cir.1989).