**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10403 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00047-SI-1 |
| v. | |
| MARTHA SANTIAGO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted January 14, 2021
San Francisco, California

Before: SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.

Martha Santiago appeals her conviction after jury trial for assaulting a

federal officer while he was performing official duties, in violation of 18 U.S.C. §

111. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not err in refusing to dismiss the indictment, because there was no violation of the Speedy Trial Act. 18 U.S.C. § 3161(b). The Speedy Trial Act requires that an indictment be brought within thirty days of the arrest "in connection" with the charges. Santiago was arrested for violating the conditions of her supervised release, but was indicted over seventy days later for assaulting a federal officer. She argues that her arrest for violating supervised release was "in connection" with the assault because both were based on the same conduct. Her argument is foreclosed by *United States v. Contreras*, 63 F.3d 852, 854–55 (9th Cir. 1995), holding that an arrest for a supervised release violation does not by itself trigger the Speedy Trial Act for an indictment based on the same conduct. The district court correctly followed *Contreras*.

The government did not raise a new argument during closing, and therefore Santiago was not entitled to sur-rebuttal. Both assault theories were presented to the jury in the instructions and the government's opening argument and initial closing argument.

Santiago argues that assault under 18 U.S.C. § 111 is a specific intent crime and was improperly argued and instructed as being one of general intent. Our law is clear that § 111 assault is a general intent crime. *See United States v. Jim*, 865 F.2d 211 (9th Cir. 1989); *United States v. Vela*, 624 F.3d 1148 (9th Cir. 2010).

2

The district court's decision to provide an *Allen* charge to the jury upon receipt of its note that it was deadlocked 11-1 was not error because *Allen* charges are permissible when the judge inadvertently learns of the numerical division of the jury and does not know the identity of the holdout juror; that is the situation here. *See United States v. Williams*, 547 F.3d 1187, 1205–06 (9th Cir. 2008); *United States v. Changco*, 1 F.3d 837, 842 (9th Cir. 1993). *United States v. Sae-Chua*, 725 F.2d 530, 532 (9th Cir. 1984), upon which Santiago relies, is not controlling because there the judge did know the identity of the lone juror and, for that reason, appeared to target the holdout juror.

**AFFIRMED.**