NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWIN CUADRADO, Jr.,

Defendant - Appellant.

No. 24-2937

D.C. No.
3:23-cr-01855-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 3, 2025
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.[**]

Edwin Cuadrado, Jr. ("Cuadrado") appeals his conviction for assault on a

United States Postal Service employee in violation of 18 U.S.C. § 111(a), (b). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

1.     The district court did not err in denying Cuadrado's motion for a new trial based on the Government's failure to correct the testimony of its expert witness, Dr. Nicholas Badre ("Dr. Badre"). Cuadrado contends that Dr. Badre's testimony that he held the title of "Director of Forensic Training" at a university with which he was affiliated constitutes false testimony, and that the Government's failure to correct this falsity violated *Napue v. Illinois*, 360 U.S. 264 (1959). To prevail on this claim, Cuadrado "must show that (1) the testimony was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material. In assessing materiality under *Napue,* we determine whether there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Rodriguez*, 766 F.3d 970, 990 (9th Cir. 2014) (citation modified).

Even assuming that Dr. Badre's testimony was false and that the Government knew or should have known that it was false, Cuadrado has failed to demonstrate that the testimony was material to the jury's verdict. Dr. Badre had extensive experience in the field of forensic psychiatry and clearly would have been qualified to serve as an expert witness irrespective of whether he held the "Director" title. Dr. Badre also accurately conveyed to the jury the nature of his work for the university. He admitted on cross-examination that he was an unpaid, volunteer lecturer who worked at the university less than part-time. Moreover, the

Government presented significant evidence, including video evidence, testimony from percipient witnesses, and Cuadrado's own post-arrest statements, from which the jury could have concluded that Cuadrado appreciated the wrongfulness of his acts and was not insane at the time of the assault. Accordingly, there is no reasonable likelihood that the contested testimony could have affected the judgment of the jury.

2. The district court did not abuse its discretion in permitting Dr. Badre to testify about the "credibility problem" he observed when interviewing Cuadrado and evaluating the veracity of Cuadrado's claimed mental symptoms. Although "[a]n expert witness is not permitted to testify specifically to a witness' credibility," *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989),[1] Cuadrado acknowledges that it was permissible for Dr. Badre to testify, based on his specialized knowledge and experience, that Cuadrado was exaggerating his symptoms. The district court's decision to permit Dr. Badre to use the words "credible" and "credibility" when explaining this opinion was not "illogical, implausible, or without support from inferences that may be drawn from the facts in the record." *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010); *cf. United States v. Finley*, 301 F.3d 1000, 1008-15 (9th Cir. 2002) (concluding

---

[1] We assume without deciding that the general prohibition against expert witnesses testifying about a witness's credibility applies to the facts of this case.

that expert psychologist's testimony regarding whether the defendant was "faking or lying" was both reliable and relevant).

Moreover, any error in admitting such testimony would have been harmless. Given that the jury properly heard testimony that Cuadrado was exaggerating his symptoms, it is not more probable than not that Dr. Badre's use of the words "credible" and "credibility" materially affected the verdict. *See United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010).

3.      The district court abused its discretion in permitting Dr. Badre to testify that in his opinion, video surveillance footage taken shortly after the assault depicted Cuadrado smoking methamphetamine. Such testimony was not sufficiently reliable under Federal Rule of Evidence 702, as the district court itself appeared to recognize in its in limine rulings. However, the error was harmless. Dr. Badre commented on the video only briefly and after listing several other symptoms exhibited by Cuadrado that supported Dr. Badre's diagnosis of substance abuse disorder, including that Cuadrado admitted using methamphetamine while working, admitted using methamphetamine two days before the assault, and admitted that he burned his hands trying to make methamphetamine. In light of the other evidence of Cuadrado's methamphetamine use, Dr. Badre's testimony did not more likely than not materially affect the

verdict. *See Laurienti*, 611 F.3d at 547.[2]

4. The district court did not abuse its discretion in failing to make explicit findings regarding the reliability of Dr. Badre's opinions. "A district court cannot be silent about reliability when challenged." *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022). Here, however, the primary reliability concerns raised in Cuadrado's motions in limine and discussed at the motions hearing were whether Dr. Badre could testify to hearsay statements and vouch for the Government's other witnesses. The district court ruled on both of those issues. Moreover, to the extent the court's ruling did not sufficiently address Cuadrado's concerns about the reliability of Dr. Badre's opinions or methodology, the district court permitted Cuadrado to re-raise those issues after meeting and conferring with the Government. At the following day's hearing, Cuadrado did not raise any additional challenges to the reliability of Dr. Badre's opinions beyond what had previously been discussed. Cuadrado also failed to object at trial when the district court designated Dr. Badre as an expert witness. Under these circumstances, the district court properly fulfilled its gatekeeping obligation and did not abuse its discretion.

5. Cuadrado also argues that 18 U.S.C. § 111 is a specific intent crime,

---

[2] Because we find no other error in the district court's rulings, we need not engage in a cumulative error analysis.

5                                                    24-2937

but he acknowledges that this argument is foreclosed by Ninth Circuit precedent. *See United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989). Cuadrado has provided no reason to revisit that precedent, and we decline to do so.

**AFFIRMED.**