**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL LEROY WITT,<br><br>     Defendant - Appellant. | No. 24-7655<br><br>D.C. No.<br>4:23-cr-00389-JCH-EJM-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted February 2, 2026**
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

Michael Witt appeals from his conviction for assault on a federal officer, in

violation of 18 U.S.C. § 111(a) and (b); conspiracy to transport illegal aliens for

profit placing in jeopardy the life of any person, in violation of 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(B)(iii); and transportation of illegal aliens for profit placing in jeopardy the life of any person, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(B)(iii). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not abuse its discretion by denying Witt's motion to continue the trial. *See United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), *amended* 764 F.2d 675 (standard of review). We consider four factors when determining whether it was an abuse of discretion to deny a requested continuance: (1) the appellant's diligence in readying his defense; (2) the likelihood that a continuance would have addressed the appellant's need; (3) inconvenience to the court had the continuance been granted; and (4) harm suffered by the appellant as a result of the denial. *See United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995). To win reversal, the "appellant must show at a minimum that he has suffered prejudice as a result of the denial." *Id.* (citation omitted).

Witt was not prejudiced by the district court's denial of his motion to continue and none of the other factors suggest the denial was an abuse of discretion. He claims that he suffered harm due to the magistrate judge's delayed Report & Recommendation (R&R) on his motion to suppress, but the R&R was issued nearly a month before trial was set to begin and there were no unresolved issues by the time of the final pretrial conference. He also argues that his prior

counsel miscalculated his potential sentence, but this harm was not caused by the district court's denial of continuance and would not have been remedied by a continuance. Witt's requested two-to-four-week continuance would have significantly inconvenienced the court, and to the extent the harm Witt alleges is that he needed more time to prepare for trial, such harm implicates the diligence of defense counsel and does not weigh in favor of granting a continuance. It was therefore within the district court's "broad discretion" to deny Witt's motion for continuance. *United States v. Walter-Eze*, 869 F.3d 891, 907 (9th Cir. 2017) (citation omitted).

2. The district court did not err by denying Witt's motion to suppress evidence. When determining whether a Border Patrol stop was supported by reasonable suspicion, this court looks to the "totality of the circumstances," including (1) characteristics of the area; (2) proximity to the border; (3) usual traffic patterns; (4) previous alien or drug smuggling in the area; (5) recent illegal border crossings in the area; (6) behavior of the driver and passengers; and (7) the model and appearance of the vehicle. *See United States v. Valdes-Vega*, 738 F.3d 1074, 1079 (9th Cir. 2013) (en banc) (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975)).

The district court correctly found that reasonable suspicion justified Border Patrol Agent Thomas Gonzales' stop of Witt's vehicle near Sonoita, Arizona.

24-7655

Agent Gonzales, who had been working in the Sonoita area for five years, was aware that smugglers commonly used State Route 82 to circumvent immigration checkpoints on more direct routes between the border town of Nogales and urban hubs like Tucson and Phoenix. Agent Gonzales observed that the vehicle had heavily tinted rear windows, was swerving and driving below the speed limit, and was not local to the area. He learned from running a records check and speaking with Border Patrol Sector Dispatch that the vehicle had previously passed checkpoints which indicated to him that it was taking a common alien smuggling route. Under these circumstances, Agent Gonzales had a "particularized and objective basis" for suspecting Witt of criminal activity. *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc) (citation omitted).

3. The district court did not err by denying Witt's motion for a judgment of acquittal under Fed. R. Crim. P. 29. The evidence was sufficient to sustain a conviction for assault on a federal officer in violation of 18 U.S.C. § 111(a)-(b). To have violated § 111(a) and (b), Witt must have intentionally struck Agent Gonzales and actually inflicted injury upon him. *See* 9th Cir. Mod. Crim. Jury Instr. 8.2; *United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989) ("[Section] 111 is a general intent crime").

Agent Gonzales testified—and Witt does not dispute—that Witt shifted the vehicle into drive and accelerated while Agent Gonzales was reaching through the

window, striking and dragging Agent Gonzales with the vehicle and inflicting bruises and scratches. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Witt intended to strike and inflicted injury on Agent Gonzales. *See United States v. Phillips*, 929 F.3d 1120, 1123 (9th Cir. 2019).

**AFFIRMED.**