**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Joe KUNKEL, Defendant-Appellant.**

**No. 23072.**

United States Court of Appeals
Ninth Circuit.

Oct. 3, 1969.

James S. Neil (argued), San Jose, Cal., for appellant.

David H. Fox (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and SMITH, District Judge.*

HAMLIN, Circuit Judge:

Billy Joe Kunkel, appellant herein, was convicted after a jury trial in the

---

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

United States District Court for the Central District of California of two violations of 18 U.S.C. § 2113(a)—robbery of federally insured savings and loan associations. This court has jurisdiction over appellant's direct appeal under 28 U.S.C. § 1291.

The facts will be briefly reviewed as appellant makes no claim that they are insufficient to support the verdict. On March 1, 1967, the office of Home Savings and Loan Association at Montebello, California, was robbed, and certain money was taken therefrom. At his trial Kunkel was identified by eye witnesses as the robber. His finger prints were also found on a door at the scene of the crime. The first count in the indictment charged appellant with the commission of this robbery.

On July 11, 1967, the office of Southern California Savings and Loan Association in Montebello, California, was robbed and certain money taken therefrom. This robbery was charged in the second count of the indictment. On the same day, shortly after this second robbery, a checkbook bearing appellant's name was found by a teller in the bank. The authorities were notified and appellant was traced to his place of employment. He was not found there, but it was learned what automobile he was driving. An agent of the FBI, having this information, stopped appellant later that afternoon and made inquiry concerning the checks found at the bank. Appellant denied any connection with the robbery and offered to go back to Montebello with the officer. In fact the testimony indicated that he insisted upon going back. At the trial appellant testified that he voluntarily went back to Montebello and said, "[I]f they had any witnesses I'd rather go up there and see them." He also testified that he was willing to take any form of test, including a lie detector test, and that he had no fear of any witnesses. Around 5 p.m. on the same day, after signing a written consent to do so, appellant appeared in a lineup with four other persons. All five persons were dressed in coveralls. At the trial appellant testified that he appeared in this showup voluntarily. A picture was taken of the persons in the lineup, and this picture was later introduced in evidence. At the lineup none of the persons was required to speak. Shortly after the lineup, appellant was asked whether he would consent to a search of his automobile. He voluntarily consented to the search and signed a written form indicating in detail his consent. At the trial he testified that he didn't hesitate to sign this consent. In the search of his automobile certain rolls of money were found which were identified at the trial as having been taken in the robbery which occurred that day.

After the lineup and after the search, the appellant was interviewed by an agent of the FBI after having been given full *Miranda* warnings and after having signed a form in which he was advised clearly and completely of his rights. In this conversation, however, the appellant denied the commission of either robbery and indicated that he was elsewhere at the time of both the July 11 and March 1 robberies. At no time did he admit being implicated in either robbery.

At the trial one witness, Diane Hill, testified that on July 11 she was employed at the savings and loan office which was robbed on that day. She had also been employed at the office of the savings and loan association which had been robbed on March 1. She testified that on July 11 she saw appellant outside the bank just prior to the robbery and recognized appellant as being the man who had committed the robbery on March 1. She alerted other persons in the bank and saw appellant come in the bank a few minutes later and commit the roberry. He was in the bank about five or six minutes and was identified at trial not only by the witness Diane Hill but by three other bank officials who had ample opportunity to see him during

the robbery. On direct examination none of the identification witnesses testified as to their presence at the lineup. However, on cross-examination each of them was asked whether he or she was present at the lineup, and each answered in the affirmative. The identification witnesses also testified that each of them went in separately to view the persons in the lineup and that none of the persons in the lineup was asked to speak. The appellant testified fully at the trial, his defense being a complete denial and an attempted alibi. On cross-examination appellant admitted that he had suffered three prior felony convictions.

No objection was made by appellant's counsel at the trial to any of the testimony of the identification witnesses, nor was any motion made to strike their testimony. Nor was there any objection made by counsel at the trial to prevent the introduction into evidence of either the written waiver and consent signed by appellant to appear in the lineup or the written waiver and consent of the appellant for the search of his automobile. At the conclusion of the trial no motion was made for a judgment of acquittal, nor was there any objection made to the instructions given by the court to the jury.

On appeal the only specification of error is that the lineup was held and the search of his automobile was made prior to his having been given a *Miranda* warning. He admitted on trial that he signed the consent to the lineup voluntarily and that he likewise signed the consent to the search of his automobile voluntarily. As we indicated earlier, no objection was made at the trial to the testimony of the identification witnesses nor to the admission in evidence of the result of the search of appellant's automobile. Under all of the circumstances of the case we see no merit in appellant's contentions.

Judgment affirmed.