UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector ACEVES–ROSALES,
Defendant–Appellant.

No. 86–5324.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 1987.

Decided Nov. 18, 1987.

J. Davis Connor and Verna Wefald, San Diego, Cal., for defendant-appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Larry A. Burns, Asst. U.S. Atty., on brief, San Diego, Cal., for plaintiff-appellee.

Before HALL and LEAVY, Circuit Judges, and AGUILAR,* District Judge.

PER CURIAM:

A jury convicted the appellant of two counts of alien smuggling in violation of 8 U.S.C. § 1324(a)(1), one count of assault with a deadly weapon, 18 U.S.C. § 111, and one count of simple assault of federal agents, 18 U.S.C. § 1114. We affirm.

### Jurisdiction

Aceves–Rosales timely appeals from a criminal conviction rendered in the Southern District of California. The District Court has original jurisdiction under 18

---

* Honorable Robert P. Aguilar, United States District Judge, Northern District of California, sitting by designation.

U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

### Issues

I. Whether the trial court erred when it excluded a medical record that the appellant sought to introduce into evidence.

II. Whether the Government presented sufficient evidence to support the appellant's conviction for assault with a deadly weapon.

### Facts

About 6:00 a.m., June 22, 1986, U.S. Border Patrol Agent Perales observed Hector Aceves–Rosales driving an automobile northbound on Interstate 5 about two miles from the Mexican border. Inside were four other men whom Perales believed were illegal aliens.

Perales pulled alongside and then followed the auto. Aceves changed lanes several times, then abruptly turned off the freeway into a residential neighborhood where he tried to evade Perales. Aceves suddenly pulled to the curb and his passengers got out. Perales, thoroughly convinced Aceves was transporting illegal aliens, walked up to the car and asked Aceves to turn off the engine. When Aceves did not comply, Perales reached in and turned the key himself.

Perales turned to the passengers and ordered them to sit on the curb. At that moment, Aceves started the car. Perales again reached inside to turn the key, but before he could, Aceves accelerated. Perales grabbed the steering column and ran alongside the car. While Perales held on, Aceves swerved erratically. After holding on for about seventy-five yards, Perales let go and rolled away from the car, sustaining minor injuries.

Perales continued to pursue Aceves and caught him. During his attempt to handcuff Aceves, a struggle developed and both men fell to the ground. With the assistance of another officer, Perales handcuffed and arrested Aceves.

Six days later, Aceves visited an emergency room and complained of sore ribs. The doctor prepared a record noting that Aceves had a contusion on his hip, and that the injury apparently was caused by a kick.

Aceves was convicted after a jury trial of alien smuggling in violation 8 U.S.C. § 1324(a)(1), assault with a deadly weapon on a federal agent in violation of 18 U.S.C. § 111, and simple assault of federal agents in violation of 18 U.S.C. § 1114.

### I. Exclusion of the Medical Record.

▮ Aceves sought to introduce into evidence the one-page medical report prepared by the doctor in the emergency room. The district court excluded the evidence because it was not introduced in a timely manner and for lack of sufficient foundation. We need not decide the question of sufficient foundation because we hold that the court did not abuse its discretion in excluding the report under Fed.R.Crim.P. 16 because of its late disclosure.

Whether Rule 16 applies to a particular set of facts is a question of law that we review de novo. *See United States v. Gatto*, 763 F.2d 1040, 1047 (9th Cir.1985). We review the propriety of a sanction for violating Rule 16 for an abuse of discretion. *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir.1983)

The prosecutor and the defense attorney agreed to reciprocal discovery pursuant to Fed.R.Crim.P. 16 on September 8, 1986. During the evening of September 29, 1986, the defense attorney learned for the first time that Aceves had visited a doctor after his arrest. Trial began the next day. The defense attorney subpoenaed the medical record. However, he did not inform either the court or the prosecutor of the existence of the record. Nor did the defense attorney reveal that he might offer that record in his case. Rather, he sat through the entire first day of trial and allowed the government to rest its case without disclosing the record's existence. Not until the end of that day did the defense attorney reveal the record's existence and disclose that he would have physical possession and might offer it the next day. Thus, the trial judge knew that the defense attorney had knowledge of the record for the full first

 

day of trial and had subpoenaed the record, but had not disclosed either fact.

This inaction violated Rule 16(c) which provides a continuing obligation on a party subject to reciprocal discovery merely to *notify* the other party or the court of the existence of the additional evidence. The duty on the defendant to disclose applies to material that is subject to Rule 16(b). In order to be subject to the provisions of Rule 16(b), the material must be within the possession, custody, or control of the defendant.

The defense attorney apparently did not delay in revealing the record once he gained actual possession[1] or custody. However, this medical record was within the *control* of the defense attorney. Once the record was subpoenaed, counsel had the power of the court behind him and had the ability to gain imminent possession.[2] This control gave rise to an obligation to notify the court or the Government of the existence of the record *promptly*, which in this case was before the close of the Government's case in chief.

When the defense attorney produced the record on the second day, the trial judge simply exercised his discretion by excluding it for failure to disclose its existence earlier.[3] The trial judge did not abuse his discretion. The evidence was not of decisive value. Its exclusion was not disproportionate to the conduct of counsel. The public defender made a strategic decision to withhold the document until after the close of the government's case. He and his client must accept the risk arising from this behavior.

## II. Sufficiency of the Evidence

Aceves challenges his conviction for assault with a deadly weapon on the ground that the trial court erred when it denied his motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29. We review a denial of such a motion to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). The Government is entitled to all reasonable inferences that might be drawn from the evidence. *United States v. Johnson,* 804 F.2d 1078, 1083 (9th Cir.1986).

The record establishes that the Government presented abundant evidence from which the jury could find all the elements of assault with a deadly weapon beyond a reasonable doubt. It is indisputable that an automobile can inflict deadly force on a person and that it can be used as a deadly weapon. A reasonable jury could have found that Aceves possessed the requisite specific intent to harm Perales. Because the evidence was sufficient to support the conviction for assault, the trial court did not err in denying Aceves' Rule 29 motion. AFFIRMED.

1. In *United States v. Gatto,* 763 F.2d 1040, 1048 (9th Cir.1985), we rejected the application of a "constructive possession" provision to Rule 16.

2. Aceves relies on *United States v. Wells,* 525 F.2d 974, 975–76 (5th Cir.1976) for the proposition that subpoenaed evidence is not within the scope of Rule 16. However, *Wells* is distinguishable. First, it is not clear that the *Wells* court was interpreting Rule 16. Second, the court found that certain subpoenaed evidence was not within the scope of a pretrial discovery order because it was not within the government's *possession.* We agree that the subpoenaed record was not within the defense attorney's actual *possession.* We hold that it was within his *control.*

3. *People v. Taylor,* 141 Ill.App.3d, 839, 96 Ill.Dec. 189, 491 N.E.2d 3 (1986), *cert. granted sub. nom., Taylor v. Illinois,* — U.S. —, 107 S.Ct. 947, 93 L.Ed.2d 996 (1987), has been brought to our attention as a sixth amendment challenge to the exclusion of a material witness as a sanction for violating a statutory discovery rule. That case is distinguishable because Illinois law *requires* a defendant to respond to the state's motion for discovery. *See* 96 Ill.Dec. at 192–93, 491 N.E.2d at 6–7; Ill.Rev.Stat. ch. 110A, § 413(d)(i) (1985). This case concerns mutual discovery that is an *option* a defense attorney may elect. By choosing this option, counsel obligates himself to reciprocate under Rule 16.