5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Arcadio NUNEZ, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee,
v.
Librado NUNEZ, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee,
v.
Paz NUNEZ, Defendant/Appellant.
 Nos. 92-10131, 92-10132 and 92-10133.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1993.*
Decided Sept. 7, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CR-F-91-070-MDC, M.D. Crocker, Senior District Judge Presiding.
 E.D.Cal.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 1
 Before: NORRIS and RYMER, Circuit Judges, and TAYLOR,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 All three defendants appeal following their convictions for cultivating marijuana and conspiracy. We affirm as to Librado Nunez and Arcadio Nunez, but reverse and remand as to Paz Nunez.
 
 A. LIBRADO NUNEZ
 
 4
 Appellant Librado Nunez was convicted of conspiracy to cultivate marijuana, cultivating marijuana, and aiding and abetting the cultivation of marijuana, and sentenced to 151 months in prison. He appeals the denial of his motion to suppress, his resulting conviction, and his sentence.
 
 1. Motion to suppress
 
 5
 Appellant contends that he was arrested without probable cause, and therefore the follow-up search of his home was improper. In such an inquiry, the district court's findings of fact and determinations of credibility are reviewed for clear error. United States v. Bautista, 684 F.2d 1286 (9th Cir.1982). The district court's legal conclusions are reviewed de novo. United States v. Flippin, 924 F.2d 163 (9th Cir.1991).
 
 
 6
 a. Probable Cause for Arrest
 
 
 7
 A warrantless arrest of a person in a public place based on probable cause does not violate the Fourth Amendment. United States v. Watson, 423 U.S. 411 (1976). Police officers have probable cause to arrest if "at the moment of the arrest, facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing that the arrested person had committed or was committing a[n] offense." United States v. Arias, 923 F.2d 1387, 1390 (9th Cir.1991). Pursuant to this standard, the district court found that the officers had probable cause to arrest the defendant, based on the totality of the circumstances known to them at the time of arrest. See, e.g., United States v. Holzman, 871 F.2d 1496 (9th Cir.1989).[1]
 
 
 8
 Of course, "... mere propinquity with known criminals does not, without more, give rise to probable cause." United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984). However, the officers did not arrest Librado Nunez because of "mere propinquity with known criminals," but based on the totality of the circumstances. Librado was identified as a relative of the two co-appellants arrested earlier that day.[2] The arrestees stated that they were dropped off by a friend driving a yellow sedan.[3] This vehicle had been seen at the trail entrance site a number of times during the investigation. All factors considered, the appellant's location fairly close to the marijuana sites and to the yellow sedan created probable cause for his arrest. The trial court did not commit error.[4]
 
 
 9
 b. Voluntariness of consent to search
 
 
 10
 Following his arrest appellant signed a "Permission to Search" form, and his residence was searched, yielding evidence later used against him. A voluntary consent may waive an individual's Fourth Amendment protection. Schneckloth v. Bustamonte, 412 U.S. 218 (1973).
 
 
 11
 In order to be valid, a consent to search must be voluntary, that is, the product of an essentially free and unconstrained choice. United States v. Ritter, 752 F.2d 435 (9th Cir.1985).
 
 
 12
 Appellant did not challenge the voluntariness of his consent at the suppression hearing. He now asserts it was error on the part of the district court not to inquire whether appellant knew what he was signing, whether or not the form had been interpreted for him, and whether or not he made an intelligent waiver.
 
 
 13
 Apparently, the appellant did not understand English, and the consent form was in English. Appellant argues there is nothing in the consent form or the record showing the consent form was translated into Spanish. As such, Librado Nunez maintains that the government has not met its burden of proof in demonstrating that his consent was voluntarily and intelligently made.
 
 
 14
 As a general rule, federal courts of appeal will not consider issues which were not raised in the lower court. Fed.R.Crim.P. 12(f); United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Since no objection to the consent was made at the suppression hearing or during trial, the appellant has waived his right to raise this issue on appeal. See United States v. Kunkel, 417 F.2d 299 (9th Cir.1969). At the time of his consent, appellant had been advised of his Miranda rights in Spanish by an officer fluent in Spanish. The officer testified that Librado Nunez said he understood those rights. After being read his rights, defendant signed the consent form. The form was witnessed by detective Fernandez, who had been acting as the translator. There is ample support for the conclusion that the consent to search was voluntary.
 
 2. Sentencing
 
 15
 Appellant Librado Nunez objects to the sentencing guideline's equivalency formula applied to him under U.S.S.G. Sec. 2D1.1, which assigned the weight of one kilogram to any marijuana plant over the first fifty grown. Appellant argues this equivalency formula violated both substantive due process and the Eighth Amendment prohibition against cruel and unusual punishment. Appellant also requests this court recommend that the district court reconsider its sentence under Rule 35, Federal Rules of Criminal Procedure.
 
 
 16
 a. Substantive Due Process
 
 
 17
 This Court has rejected appellant's substantive due process argument. United States v. Belden, 957 F.2d 671, 675-76 (9th Cir.1992).
 
 
 18
 This Court has also dismissed the appellant's argument that actual weight rather than the total number of plants should be used in sentencing. When marijuana plants are involved, their number and not their weight is determinative. United States v. Corley, 909 F.2d 359, 366 (9th Cir.1990).
 
 
 19
 b. Eighth Amendment
 
 
 20
 Appellant argues that, since his offense was minimal under California law, his twelve year federal sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. That argument has been rejected by this court. Federal mandatory drug penalties do not constitute cruel and unusual punishment. United States v. Lai, 944 F.2d 1434 (9th Cir.1992).
 
 
 21
 c. Application of Rule 35, Federal Rule of Criminal Procedure
 
 
 22
 Appellant Librado Nunez asks that the appellate court recommend that the district court reconsider its sentence pursuant to Fed.R.Crim.P. 35. This court declines to apply the Eighth Circuit pre-guidelines case of U.S. v. Richard, 872 F.2d 253 (8th Cir.1989). There is nothing illegal or unreasonable about this guidelines sentence to require Rule 35 correction. The district court's decision to decline downward departure is not appealable by a defendant; United States v. Williams, 898 F.2d 1400 (9th Cir.1990); United States v. Morales, 898 F.2d 99 (9th Cir.1990); and Rule 35 does not provide appellant a way to do that indirectly.
 
 B. ARCADIO NUNEZ
 
 23
 Appellant Arcadio Nunez was convicted of conspiracy to cultivate marijuana, the cultivation of marijuana, and aiding and abetting the cultivation of marijuana, and was sentenced to a term of 210 months. He now contends his trial counsel was inadequate, and there was insufficient evidence to support his conviction.
 
 1. Inadequacy of Counsel
 
 24
 Arcadio Nunez contends his trial counsel failed to provide proper assistance of counsel regarding both the conviction and sentencing, in violation of the Sixth Amendment. Concerning the conviction, he argues counsel did not attack the gravamen of the government's case--the assertion that he joined the conspiracy by assisting his brother in tending the marijuana gardens on a single day. He also decries his counsel's comments in opening statement revealing his client would not testify, stating "[t]here has already been a statement of my client introduced into evidence. My client is not going to testify as a result of the statement coming in...." Concerning sentencing, he complains trial counsel did not request, a minor role reduction or downward departure pursuant to the sentencing guidelines.
 
 
 25
 To sustain a claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below an objective standard of reasonableness by specifically identifying allegedly deficient acts or omissions, and also must affirmatively show prejudice--that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
 
 
 26
 This court has frequently declined to hear ineffective assistance of counsel claims on direct appeal, and ordered instead that they be presented by collateral attack in a habeas corpus proceeding where the record can be fully developed. United States v. Bosch, 951 F.2d 1546 (9th Cir.1991). Nevertheless, the court may consider such contentions on direct appeal where the record is sufficiently complete to allow the court to decide the issue. United States v. Swanson 943 F.2d 1070, 1072 (9th Cir.1991). In this case the record is sufficient on the issues relevant to the conviction for the court to rule.
 
 
 27
 Tactical decisions cannot form the basis of ineffective assistance of counsel claims, and trial attorneys are permitted wide discretion in their choice of tactics. United States v. Ferreira-Alameda, 815 F.2d 1251, 1254 (9th Cir.1986); United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.1985); People of Territory of Guam v. Santos, 741 F.2d 1167 (9th Cir.1984).
 
 
 28
 The record does not support the contention of inadequate counsel concerning the conviction. Appellant's counsel did address whether or not he joined the conspiracy. In closing argument counsel stated, "[The defendant] has not planted any marijuana ... He hasn't done anything but the stupid act of going to see them. It's impossible for him to do one thing while he's in a different country." Moreover, prejudice is extremely unlikely: Arcadio Nunez made the damaging post-arrest admission that he had gone to the marijuana gardens on the date in question to help his brother, co-appellant Paz Nunez. Appellant's conviction was not a result of his counsel's trial tactics, but rather "the ultimate result was dictated by the facts of the case." United States v. Walker, 576 F.2d 253, 256 (9th Cir.1978) as amended, 590 F.2d 297 (9th Cir.1979).
 
 
 29
 There was no inadequacy in counsel's opening statement. An attorney's opening statement serves to advise the jury what the evidence will be, and here counsel's comments accomplished that purpose. Further, there was no prejudice: appellant did not testify, and the trial court admonished the jury that the statements and arguments of counsel are not evidence and no adverse inference could be drawn from the failure to testify.
 
 
 30
 Concerning the claimed inadequacy of counsel relating to sentencing (failure to seek minor role reduction or downward departure), the court determines the record is not sufficiently complete to allow the court to decide these issues on direct appeal. Appellant may raise these issues in a habeas corpus proceeding.
 
 2. Sufficiency of the Evidence
 
 31
 Appellant argues there was no evidence that he agreed to enter into the conspiracy to cultivate marijuana, that he cultivated marijuana, or that he intended to assist his brother in the cultivation of the marijuana. He claims there was no evidence of anything more than his mere presence in the vicinity of the marijuana gardens. The court views the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Aceves-Rosales, 832 F.2d 1155 (9th Cir.1987).
 
 
 32
 The evidence in this case was sufficient. This was not an instance of "mere presence in the vicinity." According to the appellant's own admission, an agreement to accomplish an illegal objective existed: Upon advice and waiver of his Miranda rights, appellant admitted that he had gone to the gardens to help his brother cultivate marijuana. His admission indicates that he knew of the conspiracy and voluntarily joined it. His statement was corroborated by his presence in the gardens with his co-appellant brother who was carrying gardening equipment, and the presence of gardening tools and materials at his home, similar to those found at the gardens.
 
 C. PAZ NUNEZ
 
 33
 After the trial had begun, appellant, Paz Nunez withdrew his not guilty plea and entered a plea of guilty to all three charges of the indictment. At a change of plea hearing, appellant was advised of the potential term of confinement and supervised release. The court then stated each charge and asked the appellant if he pled guilty or not guilty. The court did not inquire whether appellant understood the nature of the charges, no factual basis for the charge was established, and the appellant did not explicitly waive his right to continue the trial.
 
 
 34
 Appellant contends, and the Government agrees, his conviction is invalid as a matter of law because the district court failed to comply with portions of Fed.R.Crim.P. 11. Particularly, the court failed to determine whether appellant understood the nature of the charge to which the plea was offered, inform him that he had a right to persist in his plea of not guilty, and establish a factual basis for the plea.
 
 
 35
 Full compliance with Rule 11 is required. United States v. Kamer, 781 F.2d 1380, 1385 (9th Cir.1986). In the instant case, the district court did not fully comply with Rule 11. Therefore, as requested by both appellant and the government, Paz Nunez' case must be remanded for further proceedings.
 
 DISPOSITION
 
 36
 The convictions and sentences of Librado Nunez and Arcadio Nunez are AFFIRMED. The conviction and sentence of Paz Nunez is VACATED, and the matter is REMANDED to the district court for further hearing on the proposed guilty plea in accordance with Rule 11, Federal Rules of Criminal Procedure.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument as to Appellants Librado Nunez and Paz Nunez. Fed.R.App.P. 34(a); 9th Cir.R 34-4
 
 
 **
 Honorable Gary L. Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court based its decision on the fact that at the moment of arrest the officers knew: 1) Arcadio and Paz had been driven to the sites by a friend in a yellow or brown Ford sedan, 2) Officer Flanagan had seen the same yellow Ford sedan twenty times in the last year and a half, 3) Officer Whitten had seen the vehicle at the same turnout four to six times during the Spring of 1991, and 4) Librado was the only individual observed in the area
 
 
 [2]
 The officer testified that Librado Nunez was arrested "[o]nce the subject was identified as being the brother of the two men in custody, the vehicle information that we'd received from Paz, the fact that the turnout was in close proximity to the marijuana site...."
 
 
 [3]
 Neither Arcadio nor Paz Nunez possessed a valid driver's license. However, appellant, Librado Nunez did possess a valid driver's license
 
 
 [4]
 The existence of probable cause precludes appellant's further contention that the subsequent search of his residence is invalidated by his unlawful arrest