15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick BURKE, Defendant-Appellant.
 No. 92-50436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1994.*
Decided Jan. 20, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Patrick Burke appeals his conviction after a jury trial for conspiracy to distribute and possession with intent to distribute one kilogram of cocaine. We have jurisdiction over this timely appeal and AFFIRM.
 
 I. MOTION TO SUPPRESS
 
 4
 Motions to suppress present mixed questions of law and fact which we review de novo. United States v. Mejia, 953 F.2d 461, 464 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). The district court's underlying factual findings are reviewed for clear error. Id. We review de novo whether or not "certain types of actions give rise to an inference of consent to search...." Id., at 465. And, finally, we will not overturn a district court's finding that a search has or has not exceeded the scope of the consent given unless it is clearly erroneous. United States v. Rubio, 727 F.2d 786, 797 (9th Cir.1983).
 
 
 5
 After being observed at LAX, the defendant was confronted by Deputy Salcido who asked him several questions including whether or not he was carrying any large sums of money or narcotics. Upon receiving a negative answer Deputy Salcido asked if he could look into the defendant's luggage. The defendant handed the deputy his luggage. After asking Mr. Burke whether or not he packed the bag and was aware of its contents and receiving an affirmative answer, Deputy Salcido searched the luggage. In the bag the deputy found a rectangular package wrapped in Christmas paper. He tore off a corner of the wrapping paper and exposed the inner covering. The inner covering was duct tape. The defendant and his co-defendant were then arrested, taken to an office where the package field tested positive for cocaine. Burke testified he did not object or say anything to Deputy Salcido during the search of his bag.
 
 
 6
 "It is ... well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). It is also well settled that " '[w]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given.' " Bustamonte, 412 U.S. at 222 (quoting Bumper v. North Carolina, 391 U.S. 543, 548 (1968)).
 
 
 7
 The defendant argues here as he argued below that his consent to search his luggage did not extend to consent to search the Christmas paper wrapped package in the luggage. "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 111 S.Ct. 1801, 1804 (1991). Jimeno directs us to focus on the reasonableness of an officer's understanding of the scope of the search. Id. Was it reasonable for the deputy to believe that the consent to search the bag included the consent to search the Christmas paper wrapped package inside? We believe it was.
 
 
 8
 Here, as in Jimeno, the defendant gave the deputy a general consent to search without any limitations. Here, also as in Jimeno, the defendant was aware that the object of the search was for narcotics. As the court found in Jimeno, it is objectively reasonable to conclude that the search of the bag included a search of a container inside of the bag which may contain narcotics, and Deputy Salcido testified that the package felt like other packages which he has felt and found to have contained cocaine. We, therefore, reach the same conclusion here that the Supreme Court did in Jimeno, and find that the consent to search included the consent to search the wrapped package.
 
 II. DISCLOSURE OF FINGERPRINT REPORT
 
 9
 The defendant argues that the district court erred by not excluding the testimony of the government's fingerprint expert because the expert's report was not disclosed to the defense until the first day of trial. Alternatively, the defendant argues that the district court erred in not granting the defendant a continuance in order to procure his own fingerprint expert.
 
 
 10
 A. The district court did not err in permitting the Government's fingerprint expert to testify.
 
 
 11
 "Whether Rule 16 applies to a particular set of facts is a question of law that we review de novo." United States v. Aceves-Rosales, 832 F.2d 1155, 1156 (9th Cir.1987), cert. denied, 484 U.S. 1077 (1988). "We review the propriety of a sanction for violating Rule 16 for an abuse of discretion." Id.
 
 
 12
 The report clearly was discoverable under Rule 16 because it was a "report[ ] ... of scientific tests or experiments ... within the possession, custody, or control of the government...." Fed.R.Crim.P. 16(a)(1)(D). The government had possession of that report at least two weeks prior to trial but somehow the report was not provided to the defense until the first day of trial. Therefore, a discovery violation has occurred.
 
 
 13
 We must, therefore, determine whether the district court abused its discretion by permitting the government's expert to testify. The record indicates that while a report was not provided to the defense until the first day of trial, the discovery letter addressed to defense counsel and dated March 12, 1992 (5 days before trial) referenced and enclosed a DEA property report which indicated that the package had been sent away for a fingerprint analysis. Furthermore, the defendant was given overnight to secure an expert, conceded that it was possible to do so, yet decided, for whatever reason, not to obtain his own expert.
 
 
 14
 On the second day of trial, prior to the expert's testimony, the district court ruled that the expert could only testify about the prints discovered on the package, not on the wrapping paper discovered in the search of the defendant's residence. This satisfied the defendant. However, when the expert testified that the prints were discovered on the back of the wrapping paper, the defendant moved for a continuance to obtain their own expert because defense counsel mistakenly assumed that the prints were on the outside of the paper. The district court denied that motion. The record further indicates that in the discovery letters sent to defense counsel (dated 1/30/92; 2/4/92; 2/28/92) the government offered defense counsel the opportunity to inspect all of the evidence in the government's possession.
 
 
 15
 Because the report was disclosed to the defense the day before the expert's testimony, the defendant had notice that fingerprint evidence was being developed, had the opportunity to view the evidence prior to trial, and had enough time to secure his own expert but chose not to, the district court did not abuse its discretion in permitting the expert to testify.
 
 
 16
 B. The district court's denial of a continuance was not error.
 
 
 17
 "The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985). "We do not find a clear abuse of discretion unless, after carefully evaluating all the relevant factors, we conclude that the denial was arbitrary or unreasonable." Id. The factors listed in Flynt are: 1) the defendant's diligence in preparing for trial; 2) the likelihood that the need for the continuance would have been met had it been granted; 3) the inconvenience to the court, the opposing party and witnesses; and 4) the prejudice to the defendant if denied. Id. at 1359. In order to show reversible error, the defendant must prove actual prejudice. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989).
 
 
 18
 In reviewing the four factors, most weigh against the defendant. Although he located names of experts, he chose not to hire one even though he had a day to do so. As to the second factor, he did locate an expert on the second day who would be available the following morning. The inconvenience to the court was real due to the calendaring of other matters. And, finally, the defendant has not shown actual prejudice. The defendant made no offers of proof, nor filed any affidavits, or presented evidence of any sort that his expert would testify favorably.
 
 
 19
 The district court did not abuse its discretion in denying the motion for a continuance.
 
 
 20
 The motion to suppress was properly denied because the search did not exceed the scope of defendant's consent. The district court did not err when it permitted the testimony of the government's fingerprint expert and did not abuse its discretion in denying that motion for a continuance.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3