70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marjorie REED, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3512.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: ENGEL, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Marjorie Reed appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. Sec. 2255. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, a jury convicted Reed of assaulting a federal agent with a dangerous weapon, in violation of former 18 U.S.C. Sec. 111 (1969). The district court sentenced Reed to 10 years of imprisonment, and her conviction was affirmed by this court on direct appeal.
 
 
 3
 In her Sec. 2255 motion, Reed argued that: 1) the indictment failed to state an offense because an automobile is not a dangerous weapon; 2) she did not know that the victim was a federal agent; 3) the trial court did not properly instruct the jury on self defense or the issue of dangerous weapons; and 4) her counsel did not adequately investigate her case or pursue her present claims. The district court denied Reed's motion on April 11, 1995, and it is from this judgment that she now appeals.
 
 
 4
 The denial of a Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings are reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Relief is appropriate on Reed's due process and ineffective assistance of counsel claims only if they rise to the level of constitutional violations which had "a substantial and injurious effect or influence" on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 5
 Reed no longer argues that she was unaware that the victim was a federal agent, that she was entitled to an instruction on self defense or that counsel failed to adequately investigate her case. She has, therefore, abandoned these issues for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 The former and current versions of 18 U.S.C. Sec. 111 both authorize an enhanced sentence when a defendant is convicted of assaulting certain federal judicial or law enforcement officers with a deadly or dangerous weapon. The determination of whether an object is a dangerous weapon depends on the manner in which the object is used as well as its latent capability. United States v. Murphy, 35 F.3d 143, 147 (4th Cir.1994), cert. denied, 115 S.Ct. 954 (1995). Thus, any object may be a dangerous weapon if it can be used to inflict serious physical injury. Id. (collecting cases); United States v. Gibson, 896 F.2d 206, 210 n. 1 (6th Cir.1990).
 
 
 7
 Reed now argues that her indictment was defective and that she was innocent of the crime charged because an automobile is not a dangerous weapon. She also argues that the trial court did not properly instruct the jury on the issue of dangerous weapons. To obtain review of these claims under Sec. 2255, Reed must show cause that would excuse her failure to raise them on direct appeal and actual prejudice from the errors that she now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 8
 Reed was not prejudiced by the errors that she now asserts because the case law clearly establishes that an automobile may be considered a dangerous weapon. See United States v. Sanchez, 914 F.2d 1355, 1358-59 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991); Gibson, 896 F.2d at 210 n. 1. Hence, Reed's indictment was sufficient insofar as it charged her with assaulting the victim with "a dangerous weapon, that is, an automobile." Moreover, the district court properly charged the jury that "(t)he term deadly or dangerous weapon includes any object capable of being readily used by one person to inflict severe bodily injury upon another." Finally, a rational juror could easily find that Reed was not innocent despite her claim that the automobile had not been used as a dangerous weapon in this case. See Gibson, 896 F.2d at 210 & n. 1; United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir.1987) (per curiam), cert. denied, 484 U.S. 1077 (1988). Reed's failure to establish prejudice independently precludes appellate review of her claims on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986). Nevertheless, we note that Reed also failed to establish cause that would excuse her failure to raise these claims on direct appeal.
 
 
 9
 Reed now argues that she did not receive the effective assistance of counsel because her attorney did not raise her current claims at trial or on direct appeal. She also argues that counsel's alleged deficiency in this regard establishes cause that would excuse her failure to raise these claims on direct appeal. To prevail on these arguments Reed must show that counsel's performance was deficient and that counsel's errors were so serious as to deprive her of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Reed has not shown that counsel's performance was deficient, as there is ample authority establishing that an automobile may be used as a dangerous weapon. Reed's failure to meet the performance prong of the Strickland test independently defeats her Sixth Amendment claim. See id. By failing to establish the ineffective assistance of counsel, Reed has also failed to establish cause which would excuse her failure to raise her current claims on direct appeal. See Murray, 477 U.S. at 488. Reed's failure to establish cause also precludes substantive review of her claims under Sec. 2255. See id.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.