**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary Don PANNELL, Defendant–Appellant.**

**No. 00–10471.**

**D.C. No. CR–99–01475–JMR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2001.

Decided Jan. 17, 2002.

Before POLITZ,\* KOZINSKI, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM \*\*

1. At oral argument, the United States agreed that Count II of Pannell's conviction, for possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), is a potentially lesser included offense of Count III, for employing a juvenile to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 861(a)(1). Accordingly, we vacate Count II of the conviction.

2. We conclude that the border patrol agent had reasonable suspicion to stop Pannell's vehicle. A law enforcement officer may conduct a brief investigatory stop when he "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot," *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), provided that he is "able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity," *Illinois v. Wardlow*, 528 U.S. 119, 123–24, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (internal quotation marks omitted). The agents had seen Pannell's car travel in tandem with a car that was subsequently apprehended and found to contain marijuana, and received a report that both cars were seen together in a location known for alien smuggling. Although about two hours had elapsed since the last sighting of Pannell's car, the agent suspected, based on prior experience, that it was hiding until the border patrol's shift change and, indeed, the car re-emerged around the anticipated time.

3. The agent also had sufficient probable cause to arrest Pannell. Probable cause exists when, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir.1986) (citations omitted). In addition to the factors underlying the agent's reasonable suspicion, the agent found a cell phone agreement bearing Pannell's name in the car containing marijuana, and the driver of that car indicated that Pannell had accompanied him during the drug transfer.

4. The prosecutor's comment during closing argument that the jury could determine Pannell's guilt in part by "hav[ing] been able to observe his demeanor and attitude during [the] trial" does not require reversal. Because Pannell did not object to the comment, we review for plain error. *United States v. Whitehead*, 200 F.3d 634, 638 (9th Cir.2000). Even if the prosecutor's remark rises to the level of an impermissible "comment on a defendant's off-the-stand behavior," *United States v.*

---

\* The Honorable Henry A. Politz, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Schuler,* 813 F.2d 978, 981 (9th Cir.1987), this "singular, somewhat ambiguous comment does not constitute a miscarriage of justice or an affront to the integrity of the judicial process. Under the[ ] circumstances [of this case], any prejudice to the defendant was minimal and could have been further reduced had appellant brought to the trial judge's attention the possibility of a curative instruction." *United States v. Tarazon,* 989 F.2d 1045, 1053 (9th Cir.1993) (internal quotation marks omitted).

5. The district court did not abuse its discretion when it allowed evidence of the digital readout of Pannell's cell phone number and precluded evidence that Pannell's second cell phone had been used after his arrest. Although the agent who obtained the readout could not recollect which button he pressed to produce it, defendant was permitted to voir dire the agent, the jury heard the agent testify that he may have pressed a wrong button, and independent evidence verified the number of the cell phone and attributed it to Pannell. Because Pannell did not reveal the evidence that his second cell phone had been used subsequent to his arrest until the middle of trial, the district court did not abuse its discretion in precluding this evidence as violating Pannell's disclosure agreement with the government. *See United States v. Aceves–Rosales,* 832 F.2d 1155, 1156–57 (9th Cir.1987).

AFFIRMED in part, and VACATED in part.