**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MICHAEL DION ANCHRUM,
          *Defendant-Appellant.*

No. 09-30013

D.C. No.
3:06-CR-00085-
TMB

ORDER

Filed February 10, 2010

Before: Robert R. Beezer, Ronald M. Gould, and
Richard C. Tallman, Circuit Judges.

Order;
Dissent by Judge Beezer

---

### ORDER

Judges Gould and Tallman have voted to deny Appellant's petition for rehearing. Judge Beezer votes to grant the petition for rehearing.

The petition for rehearing is **DENIED**.

---

BEEZER, Circuit Judge, dissenting:

I would grant Anchrum's petition for rehearing as to Count 3, Interference with a Federal Officer by Means of a Deadly or Dangerous Weapon, 18 U.S.C. § 111.

2415

Anchrum was convicted on Count 3 with an erroneous jury instruction. The district court correctly stated the first two elements: (1) interference with a federal officer (2) while the officer was engaged in official duties.[1] For the third element, however, the district court stated, "Third, the defendant used a motor vehicle" instead of "Third, the defendant used a dangerous or deadly weapon." The third element in § 111 is crucial because the first two elements alone constitute an independent crime. *See* § 111(a). The addition of the third element enhances the penalty from an eight-year to a 20-year statutory maximum. § 111(b).

The erroneous instruction allowed the jury to convict Anchrum by finding only that Anchrum interfered or assaulted Agent Gamache with his vehicle. Anchrum essentially conceded that he assaulted a federal officer with a vehicle but forcefully argued that he did not use the vehicle as a deadly or dangerous weapon in doing so.

At trial, Anchrum conceded that after a vehicle pursuit, Officer Gamache angled his police car to block Anchrum's vehicle in a dead-end side street. But Anchrum pointed to Officer Gamache's testimony that Anchrum "was able to squeeze around the front of my vehicle," "scraping [the] right front of my vehicle" and causing a "scrape mark" on the right bumper and damaging the headlight and turn signal assembly. Anchrum argued before the jury that these actions did not constitute using his vehicle as a dangerous or deadly weapon, and he objected to the district court's erroneous jury instruction.

---

[1]The district court instructed the jury:

> First, the defendant intentionally used force in assaulting, resisting, intimidating or interfering with Task Force Officer Gamache; Second, the defendant did so while Officer Gamache was engaged in official duties; Third, the defendant used a motor vehicle. A motor vehicle is a dangerous or deadly weapon if it is used in a way that is capable of causing death or serious bodily injury.

Our opinion admits that the jury instruction was constitutionally erroneous but concludes the error was harmless. I believe the evidence in the record shows that this error was not harmless beyond a reasonable doubt.

Although constitutional error does not require automatic reversal, the standard for constitutional harmless error is high. *See Chapman v. California*, 386 U.S. 18, 22 (1967) ("[T]here may be some constitutional errors which in . . . a particular case are so *unimportant* and *insignificant* that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." (emphasis added)). It must be "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir. 2000).

Our only case to discuss a similar erroneous instruction found the constitutional error harmless because the defendant used a knife, which by definition is a "deadly or dangerous weapon." *See United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc).[2] Because a motor vehicle is not an inherently dangerous weapon, *cf. United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987), the prosecution had to prove that Anchrum used his vehicle in a way capable of causing death or serious bodily injury. *See id.* "Serious bodily injury" is "harm that involves '(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.' " *Id.*

---

[2]We decided on the alternate ground that the knife was also used in a manner capable of causing serious bodily injury because the victim sustained "very extensive injur[ies]" and "nearly lost an eye." *See Smith*, 561 F.3d at 939-40. The loss of an eye fulfills the definition of "serious bodily injury." *See* 18 U.S.C. § 1365(h)(3) ("serious bodily injury" includes "protracted loss or impairment of the function of a bodily member, organ, or mental faculty"). Here, Officer Gamache was not injured.

The court's opinion concludes that any rational jury would have found that Anchrum used his vehicle in a way capable of causing serious bodily injury because "[t]here is no doubt that when Anchrum . . . actually crashed into Officer Gamache's car he was endangering [Gamache's life] as well as using his vehicle in a way that could inflict great bodily harm." *United States v. Anchrum*, No. 09-30013, slip op. at 16860 (9th Cir. Dec. 30, 2009). Yet this factual finding usurps the province of the jury by adopting the United States's version of the facts. We should not view the evidence in the light most favorable to the prosecution as we would if the instruction had been correct. *See Aceves-Rosales*, 832 F.2d at 1157. When we review a *constitutional* error for harmlessness, we are to "conduct a thorough examination of the record" to determine "whether it appears 'beyond a reasonable doubt that the error complained of did not *contribute* to the verdict.' " *Neder v. United States*, 527 U.S. 1, 15, 19 (emphasis added).

A rational jury could convict or acquit Anchrum on Count 3. "It is indisputable that an automobile . . . *can be used* as a deadly weapon." *Aceves-Rosales*, 832 F.2d at 1157 (emphases added). But a rational jury could also acquit Anchrum by concluding that "squeez[ing]" around a vehicle and causing a scrape on the bumper was not using the vehicle in a manner capable of causing death, permanent disfigurement, loss of a limb or the like.

Anchrum vigorously contested the erroneous element here and before the district court, and I cannot conclude beyond a reasonable doubt that *no rational jury* could have found that Anchrum did not use his vehicle in a way capable of causing serious bodily harm. I would vacate Count 3 and remand for resentencing.