**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10451 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00865-DJH-5 |
| v. | |
| ORENCIO RUELAS, AKA Cerillo, AKA Cri-Cri, AKA Grillo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10465 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00865-DJH-11 |
| v. | |
| DONALD HAMILTON, AKA Donald Oliver Hamilton, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and CALLAHAN, Circuit Judges, and BOUGH,[**] District Judge.

In these consolidated appeals, appellants, Orencio Ruelas ("Ruelas") and Donald Hamilton ("Hamilton"), challenge their respective convictions and sentences arising from a jury trial in which they were jointly tried for their participation in a drug trafficking conspiracy. Ruelas was convicted of conspiracy to distribute methamphetamine (21 U.S.C. § 846) and unlawful use of a communications facility (21 U.S.C. § 843(b)) and sentenced to 235 months of incarceration. Hamilton was convicted of conspiracy to distribute controlled substances (21 U.S.C. § 846), conspiracy to commit money laundering (18 U.S.C. § 1956(h)), unlawful use of a communications facility (21 U.S.C. § 843(b)), promotional money laundering (18 U.S.C. § 1956(a)(1)(A)(i)), and concealment money laundering (18 U.S.C. § 1956(a)(1)(B)(i)), and sentenced to 97 months of incarceration. We have jurisdiction under 28 U.S.C. § 1291. We affirm Ruelas' judgment of conviction, but remand his sentence on Count 1 (conspiracy to distribute methamphetamine) for resentencing on an open record. We affirm Hamilton's judgment of conviction and sentence.[1]

---

[**] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

[1] Because the parties are familiar with the facts and issues in these appeals, we do not recount them in detail.

2

1. Both Ruelas and Hamilton argue that the district court abused its discretion by precluding the defense from impeaching a government witness about his admission that he murdered his own father. We disagree. Federal Rule of Evidence 608 "allows a witness to be cross-examined, in the discretion of the court, regarding specific instances of misconduct which do not lead to conviction, if the misconduct is probative of the witness' character for truthfulness or untruthfulness." *United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002) (footnote omitted). Specific bad act evidence is admissible under Rule 608(b) "for the purpose of attacking or supporting the witness' credibility" if it is probative of the "witness' character for truthfulness or untruthfulness" or "challenge[s] a witness's credibility." *United States v. Gay*, 967 F.2d 322, 327-28 (9th Cir. 1992).

The district court ruled that defense counsel would not be allowed to cross-examine a government witness about his admission to murdering his father because the court did not find it probative of the witness' truthfulness or relevant to the charges. Ruelas and Hamilton raise various arguments on appeal as to why the patricide admission was relevant to the witness' credibility, but many of them were not raised before the district court (and were thereby waived) and none is persuasive to show that the district court's ruling was an abuse of discretion.

Even if the district court erred in precluding cross-examination into the patricide admission, the error was harmless. The district court allowed the defense

extensive opportunity to cross-examine and impeach the witness based on his other bad acts (including his alleged murders of cartel members), and also provided the jury with appropriate instructions regarding its consideration of the impeachment evidence. Moreover, the evidence supporting the jury's verdict against both defendants was strong. Thus, we affirm the district court's decision to preclude this impeachment evidence under Federal Rule of Evidence 608.

2. Hamilton argues that the district court abused its discretion by not fully investigating a juror question concerning an observation of alleged prosecutorial coaching of a government witness. At trial however, Hamilton's counsel assured the district court that its inquiry into the matter was sufficient, declined the opportunity to make a further record on the matter, and did not raise any further objection or request any additional investigation of the issue throughout the rest of the trial. Thus, we find that Hamilton waived his claim and decline to review it. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) ("If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable.").

Even if we were to reach Hamilton's claim however, it would still fail under plain error review. In response to the allegation of witness coaching by the prosecutor, the district court requested input from all counsel, questioned both the juror and the defense investigator who reported the alleged observations, provided

4

parties with the opportunity to conduct their own inquiry of the witnesses on the record, and ultimately instructed the juror that he was free to share his observations with his fellow jurors during deliberations. Hamilton has not shown that the district court's failure to make further inquiry, or to take any other action than it already had, was plainly erroneous and affected his substantial rights.

3. We also reject Hamilton's claim that the district court abused its discretion by failing to exclude FedEx records that were untimely disclosed by the government. The failure to comply with discovery obligations may result in exclusion of the undisclosed evidence. *See* Fed. R. Crim. P. 16(d)(2)(C); *see also United States v. Scholl,* 166 F.3d 964, 972 (9th Cir. 1999); *United States v. Aceves–Rosales,* 832 F.2d 1155, 1156-57 (9th Cir. 1987). "Exclusion is an appropriate remedy for a discovery rule violation only where 'the *omission* was willful and motivated by a desire to obtain a tactical advantage.'" *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (quoting *Taylor v. Illinois,* 484 U.S. 400, 415 (1988)).

Although Hamilton's trial attorney initially objected to the admission of the records, he later expressly withdrew his objection when the government moved to admit them. This constitutes a waiver of the claim. Assuming the error were not waived however, the district court did not abuse its discretion by (1) finding no discovery violation, given that the government disclosed the records the day after

5

receiving them; and (2) declining to order the remedy of exclusion, because there was no indication that the government's late discovery was "willful or motivated by a desire to obtain a tactical advantage." *Id*. Thus, we affirm the district court's admission of the FedEx records.

4. We conclude that the district court did not abuse its discretion by denying the defendants' motion to sever Hamilton's and Ruelas' trials. A district court abuses its discretion in denying a severance motion only when "a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011) (internal quotation marks and citation omitted). "Inquiry into the prejudicial effect of a joint trial involves consideration of several factors," *see United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005), the "most important" of which are "whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury." *United States v. Sullivan*, 522 F.3d 967, 981-82 (9th Cir. 2008).

The government's evidence at trial demonstrated that there was one overarching drug conspiracy in which both Ruelas and Hamilton were involved. Its case against both defendants relied on much of the same overlapping evidence—namely, the testimony of several co-conspirators with whom Ruelas

6

and Hamilton worked. The district court instructed the jury to consider the evidence against each defendant individually and to separately evaluate each defendant's guilt, and there was no indication that the jury was unable to do so. Hamilton's argument that the defendants had mutually exclusive or antagonistic approaches toward one co-conspirator's testimony is not sufficiently persuasive to require severance in this case. *See United States v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999) ("'Mere inconsistency in defense positions is insufficient' to warrant severance." (citations omitted)). Accordingly, we affirm the district court's denial of Hamilton's motion to sever.

5. Ruelas contends that the district court abused its discretion under Federal Rule of Evidence 404(b) by admitting evidence of his prior arrest. We disagree. Evidence of a defendant's prior conviction, wrong, or other act is inadmissible to prove the defendant's bad character or propensity to commit the charged offenses. *See* Fed. R. Evid. 404(b)(1). However, evidence of a prior act is admissible for nonpropensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Such evidence is admissible if it satisfies a four-part test: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."

7

*United States v. Lloyd*, 807 F.3d 1128, 1157-58 (9th Cir. 2015) (internal quotation marks and citation omitted). If the four-part test is satisfied, the evidence is admissible unless "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

At trial, the government sought to introduce evidence that Ruelas was previously arrested during an unrelated cocaine trafficking sting, in which he was found in a hotel room with $75,000 in cash. The government's theory of admissibility was that Ruelas had learned from this prior arrest that money and drugs should not be in the same place, which was probative of his knowledge of his involvement in the charged conspiracy. Ruelas responds that the lesson he purportedly learned from his prior arrest was not a contested issue at trial, and the government was otherwise unable to show a logical, propensity-free connection between his prior arrest and a material point in the case. *See United States v. Rodriguez*, 880 F.3d 1151, 1167 (9th Cir. 2018) ("[W]here the defendant's knowledge is contested, we have 'emphasized that the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act.' This logical connection must be 'supported by some propensity-free chain of reasoning.'" (citation omitted)).

We conclude that the district court's ruling to admit the Rule 404(b)

evidence was not an abuse of discretion. The government's theory that Ruelas learned from his prior arrest to avoid being caught with money and drugs in the same location would be one reasonable explanation for the statements he made to his codefendants, which would tend to rebut Ruelas' defense that he was unaware of the conspiracy. The district court also conducted a proper balancing analysis under Federal Rule of Evidence 403 prior to its ruling on admission. Furthermore, the district court set limitations on the government's presentation of the Rule 404(b) evidence and provided appropriate limiting instructions to the jury, and as stated earlier, the evidence against both defendants was strong. Thus, even if the district court erred in admitting the prior act evidence, we find that the error was harmless. Consequently, we affirm the district court's ruling to admit the prior act evidence under Rule 404(b).

6. Finally, we accept the government's concession to the district court's sentencing error for Ruelas on Count 1, and remand for resentencing on an open record. Ruelas argues, and the government agrees, that the district court erred in calculating Ruelas' sentence on Count 1 based on an amount of 12 pounds of methamphetamine, when the evidence at trial shows that Ruelas was involved with only 6.5 pounds of methamphetamine. Based on this error, we do not reach the question of whether the district court's purity finding was clearly erroneous and remand for resentencing on an open record, consistent with our default rule. *See*

9

*United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) ("[A]s a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider.").

Ruelas' judgment of conviction is **AFFIRMED**, and Ruelas' sentence on Count 1 is **VACATED AND REMANDED** for resentencing.

Hamilton's judgment of conviction and sentence are **AFFIRMED**.